IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

**No. 22-1587**

———————

**COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION,**

**Appellants**

v.

**THOMAS E. PROCTOR HEIRS TRUST**

———————

**JOINT APPENDIX VOL. II**

———————

APPEAL FROM THE JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
ENTERED DECEMBER 3, 2021

JOSH SHAPIRO
*Attorney General*

Office of Attorney General
15th Floor, Strawberry Square     BY:    MICHAEL J. SCARINCI
Harrisburg, PA 17120                            *Deputy Attorney General*
Phone: (717) 857-2184
FAX:   (717) 772-4526                           J. BART DELONE
                                                               *Chief Deputy Attorney General*
DATE: June 7, 2022                            *Appellate Litigation Section*

# JOINT APPENDIX
# INDEX

## VOLUME II of V

| Docket No. | Document Description | Page Numbers |
|---|---|---|
| | District Court Docket Sheet | JA51-74 |
| 40 | Second Amended Complaint, dated Dec. 24, 20214 | JA75-91 |
| 66 | Defendants (Trust) Amended Answer & Affirmative Defenses with Counterclaims | JA92-122 |
| 82 | Pa. Game Commission (PGC) Reply to Amended Answer | JA123-159 |
| 86 | Trust's Answer & Affirmative Defenses to PGC's Counterclaim | JA160-166 |

**Query**    Reports    **Utilities**    Help    Log Out

APPEAL,DEFJGM,LOAN,STANDARD,STAYED

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
## CIVIL DOCKET FOR CASE #: 1:12-cv-01567-CCC

Commonwealth of Pennsylvania, Pennsylvania Game Commission    Date Filed: 08/10/2012
v. Thomas E. Proctor Heirs Trust    Jury Demand: Defendant
Assigned to: Chief Judge Christopher C. Conner    Nature of Suit: 290 Real Property: Other
Related Case: 4:22-cv-00518-MWB    Jurisdiction: Diversity
Case in other court: Third Circuit, 22-01587
Cause: 28:1332 Diversity-Other Contract

### Plaintiff

**Commonwealth of Pennsylvania,**
**Pennsylvania Game Commission**

represented by **Audrey J. Broucek**
Pennsylvania Game Commission
2001 Elmerton Ave
Harrisburg, PA 17110
717.787.4250
Email: abroucek@pa.gov
*TERMINATED: 10/11/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley C. Bechtel**
Pennsylvania Game Commission
2001 Elmerton Ave.
Harrisburg, PA 17110-9797
717.783.6530
Email: brbechtel@pa.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William C Martson**
Abom & Kutulakis, LLP
2 West High Street
Carlisle, PA 17013
(717) 249-0900
Email: wmartson@pa.gov
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Thomas E. Proctor Heirs Trust**
*under Declaration of Trust dated October*
*28, 1980, which is recorded in Sullivan*
*County in Book 1106, at page 879, its*
*successors and assigns*

represented by **Brad Funari**
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222
412-28803124

**JA51**

Email: bfunari@reedsmith.com
*TERMINATED: 10/13/2015*
*ATTORNEY TO BE NOTICED*

**Justin G. Weber**
Troutman Pepper Hamilton Sanders LLP
100 Market Street
Suite 200
Harrisburg, PA 17108
717-255-1170
Email: justin.weber@troutman.com
*ATTORNEY TO BE NOTICED*

**Laura A. Lange**
1670 Sturbridge Drive
Sewickley, PA 15143
847-800-8334
Email: lange@proctortrust.com
*ATTORNEY TO BE NOTICED*

**Paul K. Stockman**
Kazmarek Mowrey Cloud Laseter LLP
One PPG Place
Suite 3100
Pittsburgh, PA 15222
404-333-0752
Email: pstockman@kmcllaw.com
*TERMINATED: 04/06/2021*
*ATTORNEY TO BE NOTICED*

**Thomas Waffenschmidt**
The Waffenschmidt Law Firm, LLC
811 South Market Street
South Williamsport, PA 17702
570-505-3015
Fax: 570-505-3569
Email: tom@waffenlaw.com
*TERMINATED: 10/03/2018*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Margaret Proctor Trust**
*TERMINATED: 04/13/2021*

represented by **Brad Funari**
(See above for address)
*TERMINATED: 10/13/2015*
*ATTORNEY TO BE NOTICED*

**Laura A. Lange**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul K. Stockman**
(See above for address)
*TERMINATED: 04/06/2021*
*ATTORNEY TO BE NOTICED*

**JA52**

## Counterclaim Plaintiff

**Thomas E. Proctor Heirs Trust**
*under Declaration of Trust dated October
28, 1980, which is recorded in Sullivan
County in Book 1106, at page 879, its
successors and assigns*

represented by **Brad Funari**
(See above for address)
*TERMINATED: 10/13/2015*
*ATTORNEY TO BE NOTICED*

**Justin G. Weber**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura A. Lange**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul K. Stockman**
(See above for address)
*TERMINATED: 04/06/2021*
*ATTORNEY TO BE NOTICED*

**Thomas Waffenschmidt**
(See above for address)
*TERMINATED: 10/03/2018*
*ATTORNEY TO BE NOTICED*

## Counterclaim Plaintiff

**Margaret Proctor Trust**
*TERMINATED: 04/13/2021*

represented by **Brad Funari**
(See above for address)
*TERMINATED: 10/13/2015*
*ATTORNEY TO BE NOTICED*

**Laura A. Lange**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul K. Stockman**
(See above for address)
*TERMINATED: 04/06/2021*
*ATTORNEY TO BE NOTICED*

V.

## Counterclaim Defendant

**Commonwealth of Pennsylvania,
Pennsylvania Game Commission**

represented by **Audrey J. Broucek**
(See above for address)
*TERMINATED: 10/11/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley C. Bechtel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JA53**

**William C Martson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counterclaim Plaintiff**

**Commonwealth of Pennsylvania,**          represented by    **Audrey J. Broucek**
**Pennsylvania Game Commission**                             (See above for address)
                                                             *TERMINATED: 10/11/2016*
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Bradley C. Bechtel**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **William C Martson**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

V.

**Counterclaim Defendant**

**Margaret Proctor Trust**                  represented by    **Brad Funari**
*TERMINATED: 04/13/2021*                                     (See above for address)
                                                             *TERMINATED: 10/13/2015*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Laura A. Lange**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paul K. Stockman**
                                                             (See above for address)
                                                             *TERMINATED: 04/06/2021*
                                                             *ATTORNEY TO BE NOTICED*

**Counterclaim Defendant**

**Thomas E. Proctor Heirs Trust**           represented by    **Brad Funari**
*under Declaration of Trust dated October*                   (See above for address)
*28, 1980, which is recorded in Sullivan*                    *TERMINATED: 10/13/2015*
*County in Book 1106, at page 879, its*                      *ATTORNEY TO BE NOTICED*
*successors and assigns*
                                                             **Justin G. Weber**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Laura A. Lange**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Paul K. Stockman**                    **JA54**

(See above for address)
*TERMINATED: 04/06/2021*
*ATTORNEY TO BE NOTICED*

**Thomas Waffenschmidt**
(See above for address)
*TERMINATED: 10/03/2018*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2012 | 1 | COMPLAINT against Thomas E. Proctor Heirs Trust ( Filing fee $350, Receipt Number 111012048), filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit(s), # 3 Proposed Order, # 4 Receipt)(dh) (Entered: 08/10/2012) |
| 08/10/2012 | | Summons Issued as to Thomas E. Proctor Heirs Trust and provided to Attorney for service on Defendant(s). (dh) (Entered: 08/10/2012) |
| 08/10/2012 | | DOCKET ANNOTATION: ECF registration forms given to Pltf's counsel. (dh) (Entered: 08/10/2012) |
| 08/13/2012 | 2 | ORDER - Letter to Counsel from Court Re: Case Assignment and Procedures. (See order for complete details.) Signed by Honorable Christopher C. Conner on 08/13/12. (ki) (Entered: 08/13/2012) |
| 08/24/2012 | 3 | First MOTION for Extension of Time to Request for extension by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Proposed Order Proposed Order)(Bechtel, Bradley) (Entered: 08/24/2012) |
| 08/27/2012 | 4 | ORDER granting pltf's motion for ext of time 3 for deft to respond to complaint until 11/30/12. (See order for complete details.) Signed by Honorable Christopher C. Conner on 08/27/12. (ki) (Entered: 08/27/2012) |
| 09/10/2012 | 5 | SUMMONS Returned Executed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. Thomas E. Proctor Heirs Trust served on 8/17/2012, answer due 9/7/2012. (Bechtel, Bradley) (Entered: 09/10/2012) |
| 11/30/2012 | 6 | MOTION to Dismiss *Defendant's Motion to Dismiss* by Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order, # 2 Certificate of Nonconcurrence)(Waffenschmidt, Thomas) (Entered: 11/30/2012) |
| 12/17/2012 | 7 | BRIEF IN SUPPORT *of Motion to Dismiss* re 6 MOTION to Dismiss *Defendant's Motion to Dismiss* filed by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 12/17/2012) |
| 12/20/2012 | 8 | BRIEF IN OPPOSITION re 6 MOTION to Dismiss *Defendant's Motion to Dismiss* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 12/20/2012) |
| 01/03/2013 | 9 | REPLY BRIEF re 6 MOTION to Dismiss *Defendant's Motion to Dismiss* filed by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 01/03/2013) |
| 01/11/2013 | 10 | ORDER REFERRING MOTION to Dismiss 6 to Magistrate Judge Susan E. Schwab. (See order for complete details.) Signed by Honorable Christopher C. Conner on 1/11/13. (ki) (Entered: 01/11/2013) |
| 06/28/2013 | 11 | REPORT AND RECOMMENDATIONS - IT IS RECOMMENDED that the Trust |

**JA55**

| | | |
|---|---|---|
| | | motion to dismiss 6 be GRANTED; and PGCs complaint 1 be DISMISSED, with leave to file an amended complaint. Objections to R&R due by 7/15/2013.Signed by Magistrate Judge Susan E. Schwab on 6/28/13. (rc) (Entered: 06/28/2013) |
| 07/18/2013 | 12 | AMENDED COMPLAINT against Thomas E. Proctor Heirs Trust, filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 07/18/2013) |
| 07/18/2013 | 13 | ORDER ADOPTING REPORT AND RECOMMENDATION of Magistrate Judge Schwab 11 , granting deft's MTD 6 , DISMISSING pltf's complaint 1 w/out prejudice & directing deft to respond to amended complaint 12 pursuant to Local Rules. (See order for complete details.) Signed by Honorable Christopher C. Conner on 7/18/2013. (ki) (Entered: 07/18/2013) |
| 08/01/2013 | 14 | MOTION to Dismiss *and Motion for a More Definite Statement* by Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order, # 2 Certificate of Nonconcurrence) (Waffenschmidt, Thomas) (Entered: 08/01/2013) |
| 08/15/2013 | 15 | BRIEF IN SUPPORT re 6 MOTION to Dismiss *Defendant's Motion to Dismiss*, 14 MOTION to Dismiss *and Motion for a More Definite Statement* filed by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 08/15/2013) |
| 08/28/2013 | 16 | First MOTION for Extension of Time to Request for extension to file brief.*filed by* by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 08/28/2013) |
| 08/29/2013 | 17 | ORDER granting pltf's motion for ext of time 16 to file brief in opp to deft's brief in supp of MTD & motion for more definitive stmt 14 until 9/19/13. (See order for complete details.) Signed by Honorable Christopher C. Conner on 8/29/13. (ki) (Entered: 08/29/2013) |
| 09/15/2013 | 18 | BRIEF IN OPPOSITION re 14 MOTION to Dismiss *and Motion for a More Definite Statement* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Bechtel, Bradley) (Entered: 09/15/2013) |
| 09/30/2013 | | DOCKET ANNOTATION: Counsel is advised that Doc. 19 filed 9/30/13 is to be refiled as a REPLY BRIEF. (gls) (Entered: 09/30/2013) |
| 09/30/2013 | 20 | REPLY BRIEF re 6 MOTION to Dismiss *Defendant's Motion to Dismiss*, 14 MOTION to Dismiss *and Motion for a More Definite Statement Thomas Proctor Heirs Trust'sReply Brief to Plaintiff's Brief in Opposiotion to Motion to Dismiss and Motion for a more Definite Statement* filed by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 09/30/2013) |
| 09/30/2013 | | DOCKET ANNOTATION: Doc. 19 filed 9/30/13 deleted and replaced with Doc. 20. (gls) (Entered: 09/30/2013) |
| 11/22/2013 | 21 | ORDER REFERRING MOTION to Dismiss & Motion for a More Definite Statement 14 to Magistrate Judge Susan E. Schwab. (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 11/22/13. (ki) (Entered: 11/22/2013) |
| 04/04/2014 | 22 | VERBAL ORDER - IT IS ORDERED that a telephonic status conference shall take place on April 7, 2014 at 2:30 p.m. The purpose of the call will be to discuss the plaintiff's pleading in light of the defendant's dismissal motion. The plaintiff shall initiate the call by contacting chambers at (717) 221-3980 once all parties are on the line. This conference will not be cancelled or rescheduled absent a showing of exceptional circumstances. By Magistrate Judge Susan E. Schwab on 4/4/14. (rc) (Entered: 04/04/2014) |

**JA56**

| | | |
|---|---|---|
| 04/10/2014 | 24 | REPORT AND RECOMMENDATIONS - IT IS RECOMMENDED that the Trust's motion 14 be GRANTED IN PART AND DENIED IN PART. The motion should be GRANTED with respect to its request for dismissal of PGC's quiet title claim under Rule 1061(b)(2). The motion should be DENIED in all other respects. Objections to R&R due by 4/28/2014. Signed by Magistrate Judge Susan E. Schwab on 4/10/14. (rc) (Entered: 04/10/2014) |
| 04/24/2014 | 25 | OBJECTION to 24 Report and Recommendations *of the Honorable Susan E. Schwab*. (Waffenschmidt, Thomas) (Entered: 04/24/2014) |
| 04/24/2014 | 26 | BRIEF in Support re 24 REPORT AND RECOMMENDATIONS re 14 MOTION to Dismiss *and Motion for a More Definite Statement* filed by Thomas E. Proctor Heirs Trust *Brief in Support of Objections to the April 10, 2014 Report & Recommendation of the Honorable Susan E. Schwab*, filed by Thomas E. Proctor Heirs Trust. Related document: 24 REPORT AND RECOMMENDATIONS re 14 MOTION to Dismiss *and Motion for a More Definite Statement* filed by Thomas E. Proctor Heirs Trust. (Waffenschmidt, Thomas) (Entered: 04/24/2014) |
| 05/07/2014 | 27 | BRIEF IN OPPOSITION re 24 REPORT AND RECOMMENDATIONS re 14 MOTION to Dismiss *and Motion for a More Definite Statement* filed by Thomas E. Proctor Heirs Trust *Response to Objections to Magistrate Report and Recommendations* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Exhibit(s) Response to Motion to Dismiss)(Bechtel, Bradley) (Entered: 05/07/2014) |
| 07/24/2014 | 28 | ORDER ADOPTING REPORT of Magistrate Judge Schwab 24 in its entirety, GRANTING deft's motion to dismiss 14 to extent it seeks dismissal of pltf's claim to quiet title pursuant to PaRCP 1061(b)(2), DISMissing pltf's claim pursuant to PaRCP 1061(b)(2) with prejudice, motion 14 DENIED in all other respects, & REMANDING case to Magistrate Judge Schwab for pretrial management. (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 7/24/14. (ki) (Entered: 07/24/2014) |
| 07/24/2014 | 29 | ORDER - IT IS ORDERED that a telephonic case management conference will be held in the above-captioned case on August 26, 2014, at 10:00 a.m. The plaintiff shall initiate the call, ensuring that all parties are on the telephone line before contacting the Court at telephone number 717-221-3980. Participation in this conference by counsel or by pro se litigants is mandatory. Local Rule 16.3 requires lead counsel for each party to meet prior to the management conference and complete a Joint Case Management Plan form. The completed form, which is set forth in Appendix A of the local rules, must be filed on or before August 19, 2014. Signed by Magistrate Judge Susan E. Schwab on 7/24/14. (rc) (Entered: 07/24/2014) |
| 08/07/2014 | 30 | *Defendant Thomas E Proctor Heirs Trust's and Defenses to Plaintiff Commonwealth of PA, PA Game Commission's* ANSWER to 12 Amended Complaint by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 08/07/2014) |
| 08/19/2014 | 31 | CASE MANAGEMENT PLAN *filed by* by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Bechtel, Bradley) (Entered: 08/19/2014) |
| 08/27/2014 | 33 | CASE MANAGEMENT ORDER - IT IS ORDERED that the following case management deadlines will governthis case... Telephone Status Conference set for 2/17/2015 10:00 AM before Magistrate Judge Susan E. Schwab. Discovery due by 6/12/2015. Plaintiff Expert Report is due by 4/13/2015. Defendant Expert Report is due by 5/13/2015. Motions due by 7/14/2015. Pretrial Memos due by 4/11/2016. Pretrial Conference set for 4/18/2014 at 10:00 AM before Magistrate Judge Susan E. Schwab. Trial set for 4/25/2016 at 9:30 AM in Harrisburg - Courtroom 5 before Magistrate Judge |

**JA57**

4/19/22, 10:37 AM

| | | |
|---|---|---|
| | | Susan E. Schwab...SEE ORDER FOR COMPLETRE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 8/27/14. (rc) (Entered: 08/27/2014) |
| 10/24/2014 | 34 | Attorney Withdrawal/Entry of Appearance by Thomas E. Proctor Heirs Trust. . (Waffenschmidt, Thomas) (Entered: 10/24/2014) |
| 11/10/2014 | 35 | Unopposed MOTION for Leave to File *Amended Complaint* by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 11/10/2014) |
| 11/17/2014 | 36 | VERBAL ORDER - IT IS ORDERED that plaintiff's motion 35 to file a second amended complaint, and to join Margaret Proctor Trust as a defendant, is GRANTED. Plaintiff shall file its second amended complaint on or before December 5, 2014. Issued by Magistrate Judge Susan E. Schwab on 11/17/14. (rc) (Entered: 11/17/2014) |
| 12/01/2014 | 37 | AMENDED COMPLAINT against All Defendants, filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 12/01/2014) |
| 12/01/2014 | | DOCKET ANNOTATION: Counsel is advised to re-file Doc.37 with the Exhibits filed as attachments to the Main Document. (vy) (Entered: 12/01/2014) |
| 12/11/2014 | 38 | *Defendant Thomas E. Proctor Heirs Trusts'* ANSWER to 37 Amended Complaint *(Second Amended Complaint)* by Thomas E. Proctor Heirs Trust.(Waffenschmidt, Thomas) (Entered: 12/11/2014) |
| 12/23/2014 | 39 | ORDER - IT IS ORDERED that on or before December 30, 2014, the plaintiff shall re-file its exhibits attached to the second amended complaint, 37 at 21-100, as separately identified attachments to the main document. Moreover, said exhibits shall be further separated into five attachments so as to correspond to the exhibit list set forth in Doc. 37 at 18. No time extensions will be provided, this Order will not be reconsidered, and plaintiffs failure to comply with this Order will result in said exhibits being stricken from the record. Signed by Magistrate Judge Susan E. Schwab on 12/23/14. (rc) (Entered: 12/23/2014) |
| 12/24/2014 | 40 | AMENDED COMPLAINT *(Second)* against All Defendants, filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Exhibit(s) Deed from CPL to PGC 12/31/1924, # 2 Exhibit(s) Abstracts of Title, # 3 Exhibit(s) Deed Proctor to Union Tanning, # 4 Exhibit(s) Deed Grant to Proctor, # 5 Exhibit(s) Affidavit, # 6 Exhibit(s) Declaration of Trust)(Bechtel, Bradley) (Entered: 12/24/2014) |
| 12/24/2014 | 41 | ACKNOWLEDGEMENT OF SERVICE Executed *12/1/2014 by Margaret Proctor Trust* Acknowledgement filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Bechtel, Bradley) (Entered: 12/24/2014) |
| 01/07/2015 | 42 | NOTICE of Appearance by Brad Funari on behalf of Margaret Proctor Trust (Funari, Brad) (Entered: 01/07/2015) |
| 01/30/2015 | 43 | ANSWER to 40 Amended Complaint, by Margaret Proctor Trust.(Funari, Brad) (Entered: 01/30/2015) |
| 02/25/2015 | 44 | VERBAL ORDER - IT IS ORDERED that a telephonic status conference shall be held tomorrow, February 26, 2015, at 1:30 p.m. The plaintiff shall initiate the call by contacting Chambers at (717) 221-3980 once all parties are on the line.Issued by Magistrate Judge Susan E. Schwab on 2/25/15. (rc) (Entered: 02/25/2015) |
| 03/12/2015 | 46 | Joint MOTION to Stay by Margaret Proctor Trust. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) Exhibit 1)(Funari, Brad) (Entered: 03/12/2015) |
| 03/25/2015 | 47 | ORDER - IT IS ORDERED that the joint Motion 46 to stay the instant matter pending resolution of Herder Springs Hunting Club v. Harry Keller, et al., by the Supreme Court |

**JA58**

| | | |
|---|---|---|
| | | of Pennsylvania is GRANTED. IT IS ALSO ORDERED that the parties shall jointly file a letter on the docket on October 2, 2015, or within seven days of the entry of an order by the Supreme Court of Pennsylvania in the Herder Springs Hunting Club matter, whichever is sooner, advising the undersigned of the status of the instant matter and whether the stay should remain in place and, if so, for what duration. Signed by Magistrate Judge Susan E. Schwab on 5/25/15. (rc) (Entered: 03/26/2015) |
| 09/30/2015 | 48 | NOTICE of Appearance by Laura A. Lange on behalf of Margaret Proctor Trust (Lange, Laura) (Entered: 09/30/2015) |
| 10/02/2015 | 49 | STATUS REPORT *Joint, Regarding Status of Pending Appeal in Herder Springs* by Margaret Proctor Trust. (Lange, Laura) (Entered: 10/02/2015) |
| 10/07/2015 | 50 | ORDER - IT IS ORDERED that the stay in this case is continued until the final resolution of Herder Springs Hunting Club v. Harry Keller, et al., by the Supreme Court of Pennsylvania. Accordingly, IT IS ALSO ORDERED that the parties shall jointly file a letter on the docket within seven days of the entry of an order by the Supreme Court of Pennsylvania in the Herder Springs Hunting Club matter, advising the undersigned of the status of the instant matter and whether the stay should remain in place and, if so, for what duration. Signed by Magistrate Judge Susan E. Schwab on 10/7/2015. (ktt) (Entered: 10/07/2015) |
| 10/08/2015 | 51 | MOTION to Withdraw as Attorney by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Funari, Brad) (Entered: 10/08/2015) |
| 10/13/2015 | 52 | ORDER granting 51 Motion to Withdraw as Attorney. Attorney Brad Funari terminated. Signed by Magistrate Judge Susan E. Schwab on 10/13/2015 (ktt) (Entered: 10/13/2015) |
| 09/28/2016 | 53 | ORDER - IT IS HEREBY ORDERED that on or before October 4, 2016, the parties shall jointly file a letter on the docket, fully advising the Court of the outcome of the Herder Spring decision and the impact that it has on this case. The parties should also advise the Court why, if any reason at all, the stay should not be lifted. Signed by Magistrate Judge Susan E. Schwab on 9/28/2016. (ktt) (Entered: 09/28/2016) |
| 09/29/2016 | 54 | NOTICE of Appearance by Laura A. Lange on behalf of Thomas E. Proctor Heirs Trust (Lange, Laura) (Entered: 09/29/2016) |
| 09/29/2016 | 55 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Paul K. Stockman on behalf of Margaret Proctor Trust, Thomas E. Proctor Heirs Trust Attorney Stockman is seeking special admission. Filing fee $ 50, receipt number 0314-3882796.. (Stockman, Paul) (Entered: 09/29/2016) |
| 09/29/2016 | 56 | MOTION to Withdraw as Attorney by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Broucek, Audrey) (Entered: 09/29/2016) |
| 10/03/2016 | 57 | SPECIAL ADMISSIONS FORM APPROVED as to Paul K. Stockman, Esquire.Signed by Chief Judge Christopher C. Conner on 10/03/16. (ki) (Entered: 10/03/2016) |
| 10/04/2016 | 58 | Letter from Parties *providing Joint Status Report Regarding Impact of the Decision in Herder Spring*. (Lange, Laura) (Entered: 10/04/2016) |
| 10/04/2016 | 59 | NOTICE of Appearance by William C Martson on behalf of Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Martson, William) (Entered: 10/04/2016) |
| 10/04/2016 | 60 | ORDER - IT IS HEREBY ORDERED that the previously issued STAY (see doc. 47) is now LIFTED. Because the case management deadlines have since expired, IT IS FURTHER ORDERED that the parties shall jointly file, on or before October 11, 2016, a |

**JA59**

| | | |
|---|---|---|
| | | proposed case management order. Signed by Magistrate Judge Susan E. Schwab on 10/4/2016. (ktt) (Entered: 10/04/2016) |
| 10/11/2016 | 61 | CASE MANAGEMENT PLAN *(Joint)* by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Bechtel, Bradley) (Entered: 10/11/2016) |
| 10/11/2016 | 62 | ORDER granting 56 Motion to Withdraw as Attorney. Attorney Audrey J. Broucek terminated. Signed by Magistrate Judge Susan E. Schwab on 10/11/2016 (ktt) (Entered: 10/11/2016) |
| 10/13/2016 | 63 | AMENDED CASE MANAGEMENT ORDER - Upon consideration of the joint case management plan 61 , filed by the parties, the following amended case management order is entered in this matter. Joinder of Additional Parties: November 30, 2016, Amendment of Pleadings: November 30, 2016, Telephone Conference to Discuss Status:April 18, 2017 Close of Fact Discovery: April 28, 2017. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 10/13/2016. (ktt) (Entered: 10/13/2016) |
| 11/22/2016 | 64 | Unopposed MOTION for Leave to File *Amended Answer and Affirmative Defenses to the Second Amended Complaint with Counterclaims* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A)(Lange, Laura) (Entered: 11/22/2016) |
| 11/29/2016 | 65 | ORDER - IT IS HEREBY ORDERED that the Defendants' motion 64 is GRANTED. Defendants shall file their amended answer, affirmative defenses, and counterclaims to the Second Amended Complaint on or before December 16, 2016. Signed by Magistrate Judge Susan E. Schwab on 11/29/2016 (ktt) (Entered: 11/29/2016) |
| 12/01/2016 | 66 | *Amended* ANSWER to 40 Amended Complaint, *Second*, COUNTERCLAIM against Commonwealth of Pennsylvania, Pennsylvania Game Commission by Thomas E. Proctor Heirs Trust, Margaret Proctor Trust.(Lange, Laura) (Entered: 12/01/2016) |
| 12/20/2016 | 67 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *regarding Defendants' Counterclaim*, MOTION to Dismiss for Lack of Jurisdiction *regarding Defendants' Counterclaim* by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Certificate of Nonconcurrence, # 2 Proposed Order)(Bechtel, Bradley) (Entered: 12/20/2016) |
| 12/20/2016 | 68 | BRIEF IN SUPPORT re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *regarding Defendants' Counterclaim* MOTION to Dismiss for Lack of Jurisdiction *regarding Defendants' Counterclaim* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 12/20/2016) |
| 12/21/2016 | 69 | Unopposed MOTION for Extension of Time to to File a Response in Opposition to Plaintiff's Motion to Dismiss Defendants' Counterclaims by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Certificate of Concurrence, # 2 Proposed Order)(Lange, Laura) (Entered: 12/21/2016) |
| 12/28/2016 | 70 | ORDER granting 69 Motion to Extend Time. Signed by Magistrate Judge Susan E. Schwab on 12/28/2016 (ktt) (Entered: 12/28/2016) |
| 01/17/2017 | 71 | BRIEF IN OPPOSITION re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *regarding Defendants' Counterclaim* MOTION to Dismiss for Lack of Jurisdiction *regarding Defendants' Counterclaim* filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Lange, Laura) (Entered: 01/17/2017) |
| 04/13/2017 | 72 | Expert Report of Jay Wilkinson, Esquire by Commonwealth of Pennsylvania, Pennsylvania Game Commission. . (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 04/13/2017) |

**JA60**

| 04/13/2017 | 73 | Expert Report of Percheron, LLC by Commonwealth of Pennsylvania, Pennsylvania Game Commission. . (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 04/13/2017) |
| --- | --- | --- |
| 06/12/2017 | 75 | Plaintiff's Supplmental Expert Report of Percheron, LLC by Commonwealth of Pennsylvania, Pennsylvania Game Commission. 73 Document Filed . (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 06/12/2017) |
| 06/12/2017 | 76 | Plaintiff's Supplmental Expert Report of Jay Wilkenson, Esquire by Commonwealth of Pennsylvania, Pennsylvania Game Commission. 72 Document Filed . (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 06/12/2017) |
| 08/11/2017 | 77 | REPORT AND RECOMMENDATIONS re 67 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *regarding Defendants' Counterclaim* MOTION to Dismiss for Lack of Jurisdiction *regarding Defendants' Counterclaim* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. Objections to R&R due by 8/25/2017. Signed by Magistrate Judge Susan E. Schwab on 8/11/2017. (ktt) (Entered: 08/11/2017) |
| 08/25/2017 | 78 | OBJECTION to 77 Report and Recommendations . (Bechtel, Bradley) (Entered: 08/25/2017) |
| 09/08/2017 | 79 | RESPONSE by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust to 78 Objection to Report and Recommendations *on the Motion to Dismiss Defendants' Counterclaims.* (Lange, Laura) (Entered: 09/08/2017) |
| 09/26/2017 | 80 | ORDER: 1. The report 77 of Chief M.J. Schwab is ADOPTED in its entirety.2. Pltfs mtn 67 to dismiss dfts counterclaim or, in the alternative, for a more definite statement or to strike certain paragraphs of said pleading is DENIED.3. The above-captioned matter is REMANDED to Chief M.J. Schwab for further pretrial management. Signed by Chief Judge Christopher C. Conner on 9/26/17. (ma) (Entered: 09/26/2017) |
| 09/26/2017 |  | CASE REFERRED to Magistrate Judge Susan E. Schwab. (ma) (Entered: 09/26/2017) |
| 10/03/2017 | 81 | SCHEDULING ORDER: Telephone Status Conference set for 10/24/2017 at 11:30 AM before Magistrate Judge Susan E. Schwab. Signed by Magistrate Judge Susan E. Schwab on 10/3/2017. (ktt) (Entered: 10/03/2017) |
| 10/13/2017 | 82 | ANSWER to 66 Answer to Amended Complaint, Counterclaim , COUNTERCLAIM against Margaret Proctor Trust, Thomas E. Proctor Heirs Trust by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 10/13/2017) |
| 10/25/2017 | 84 | ORDER - IT IS ORDERED that the parties are directed to consult and discuss whether a modified settlement conference would be of benefit to them in resolving any of the issues in this case. IT IS FURTHER ORDERED that, on or before November 8, 2017, the parties shall file a joint-status report on the above-captioned docket, advising the undersigned Chief Magistrate Judge of the status of such discussions. Signed by Magistrate Judge Susan E. Schwab on 10/25/2017. (ktt) (Entered: 10/25/2017) |
| 10/26/2017 | 85 | SECOND AMENDED CASE MANAGEMENT ORDER - Pursuant to the October 24, 2017 telephonic status conference, IT IS ORDERED that the following amended case management order is entered in this matter. (1) Close of Fact Discovery: February 23, 2018 (2) Expert Reports: By the plaintiff: March 23, 2018 By the defendant: April 20, 2018 Supplements: May 18, 2018 (3) Close of Expert Discovery: June 8, 2018 (4) Dispositive Motions and Supporting Briefs Due: July 6, 2018. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 10/26/2017. (ktt) (Entered: 10/26/2017) |
| 11/03/2017 | 86 | ANSWER to 82 Answer to Counterclaim, by Margaret Proctor Trust, Thomas E. Proctor |

**JA61**

| | | Heirs Trust.(Lange, Laura) (Entered: 11/03/2017) |
|---|---|---|
| 11/08/2017 | 87 | STATUS REPORT *Joint* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Lange, Laura) (Entered: 11/08/2017) |
| 11/15/2017 | 88 | ORDER - IT IS HEREBY ORDERED that they may file any such stipulation on the above-captioned docket on or before December 15, 2017. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 11/15/2017. (ktt) (Entered: 11/15/2017) |
| 12/14/2017 | 89 | STIPULATION by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A)(Lange, Laura) (Entered: 12/14/2017) |
| 01/22/2018 | 90 | SCHEDULING ORDER: IT IS ORDERED that the status conference call scheduled for January 23, 2018 at 10:00 a.m. is RESCHEDULED to February 7, 2018 at 11:00 a.m. Counsel for the plaintiff shall initiate the call, ensuring that all parties are on the telephone before contracting the undersigneds Chambers. Signed by Magistrate Judge Susan E. Schwab on 1/22/2018. (ktt) (Entered: 01/22/2018) |
| 02/09/2018 | 92 | THIRD AMENDED CASE MANAGEMENT ORDER - Pursuant to the status conference call held on Wednesday, February 7, 2018, IT IS ORDERED that the following amended case management order is entered in this matter. Close of Fact Discovery due by 5/24/2018. Plaintiff Expert Report is due by 6/21/2018. Defendant Expert Report is due by 7/19/2018. Dispositive Motions due by 10/4/2018. Status Report due by 4/18/2018. Telephone Status Conference set for 4/25/2018 at 10:00 AM before Magistrate Judge Susan E. Schwab. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 2/9/2018. (ktt) (Entered: 02/09/2018) |
| 02/10/2018 | 93 | NOTICE of Change of Address by Paul K. Stockman (Stockman, Paul) (Entered: 02/10/2018) |
| 04/17/2018 | 94 | MOTION for Partial Summary Judgment by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 95 | STATEMENT OF FACTS re 94 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 96 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume One)*. (Attachments: # 1 Exhibit(s) A - Declaration of William M. Armstrong, # 2 Exhibit(s) B - Declaration of Henry Farley, # 3 Exhibit(s) C - Declaration of Gregory Gass, # 4 Exhibit(s) D - Declaration of Tyler Goodmanson, # 5 Exhibit(s) E - Declaration of Ann P. Hochberg, # 6 Exhibit(s) F - Declaration of Charles Rice Kendall, # 7 Exhibit(s) G - Deposition of C. David Rainey, # 8 Exhibit(s) H - Declaration of Shirley Rockefeller, # 9 Exhibit(s) I - Affidavit of Jonathan Stayer, # 10 Exhibit(s) J - Declaration of Paul K. Stockman, # 11 Exhibit(s) K - Declaration of John A. Taylor)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 97 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Two)*. (Attachments: # 1 Exhibit(s) A - Percheron Title Report)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 98 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment . (Attachments: # 1 Exhibit(s) 2 - Abstract of Title) (Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 99 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Four)*. (Attachments: # 1 Exhibit(s) 3, part 1 - |

**JA62**

|  |  |  |
|---|---|---|
|  |  | Bradford County Assessment Records 1890-1895)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 100 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Five)*. (Attachments: # 1 Exhibit(s) 3, part two - Bradford County Assessment Records, 1896-1900)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 101 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Six)*. (Attachments: # 1 Exhibit(s) 3, part 3 - Bradford County Assessment Records, 1901-1905)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 102 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Seven)*. (Attachments: # 1 Exhibit(s) 3, part 4 - Bradford County Assessment Records, 1906-1908)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 103 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Eight)*. (Attachments: # 1 Exhibit(s) 4 - Moody, The Truth About the Trusts, # 2 Exhibit(s) 5 - Thomas T. Tabor, III, Sunset Along Susquehanna Waters, # 3 Exhibit(s) 6 - Paper Book, Gamble v. CPLC)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 104 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Nine)*. (Attachments: # 1 Exhibit(s) 7 - Bradford County Assessment Records, 1909-1921, # 2 Exhibit(s) 8 - Stipulation, Moore v. Commonwealth, # 3 Exhibit(s) 9 - Petition & Appeal, In re Goodyear, # 4 Exhibit(s) 10 - Evidence, In re Goodyear, # 5 Exhibit(s) 11 - Exhibit A to Complaint, PGC v. Thomas E. Proctor Heirs Trust, # 6 Exhibit(s) 12 - CPLC Ledger for Josiah Haines Warrant, # 7 Exhibit(s) 13 - CPLC Plat for Josiah Haines Warrant)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 105 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Ten)*. (Attachments: # 1 Exhibit(s) 14 - Reporter Journal & Bradford Republican, Apr. 9, 1908, # 2 Exhibit(s) 15 - Reporter Journal & Bradford Republican, Apr. 16, 1908, # 3 Exhibit(s) 16 - Reporter Journal & Bradford Republican, Apr. 23, 1908, # 4 Exhibit(s) 17 - Reporter Journal & Bradford Republican, Apr. 30, 1908, # 5 Exhibit(s) 18 - Bradford Argus, Apr. 9, 1908, # 6 Exhibit(s) 19 - Bradford Argus, Apr. 16, 1908)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 106 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Eleven)*. (Attachments: # 1 Exhibit(s) 20 - Bradford Argus, Apr. 23, 1908, # 2 Exhibit(s) 21 - Bradford Argus, Apr. 30, 1908, # 3 Exhibit(s) 22 - Bradford Argus, May 7, 1908, # 4 Exhibit(s) 23 - Bradford Argus, May 14, 1908, # 5 Exhibit(s) 24 - Bradford Argus, May 21, 1908)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 107 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Twelve)*. (Attachments: # 1 Exhibit(s) 25 - Bradford Argus, May 28, 1908, # 2 Exhibit(s) 26 - Bradford Argus, June 4, 1908, # 3 Exhibit(s) 27 - Abstract of Title, # 4 Exhibit(s) 28 - CPLC Articles of Incorporation, # 5 Exhibit(s) 29 - CPLC Articles of Incorporation, # 6 Exhibit(s) 30 - CPLC Certificate of Incorporation)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 108 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Thirteen)*. (Attachments: # 1 Exhibit(s) 31 - 1903 |

**JA63**

| | | |
|---|---|---|
| | | CPLC Annual Report, # 2 Exhibit(s) 32 - Apr. 23, 1904 Letter, # 3 Exhibit(s) 33 - Sept. 4, 1905 Letter, # 4 Exhibit(s) 34 - Dec. 19, 1905 Letter)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 109 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Fourteen)*. (Attachments: # 1 Exhibit(s) 35 - Boyd's Directory of Williamsport 1906, # 2 Exhibit(s) 36 - Boyd's Directory of Williamsport 1907, # 3 Exhibit(s) 37 - Boyd's Directory of Williamsport 1908, # 4 Exhibit(s) 38 - Petition & Appeal, In re CPLC, # 5 Exhibit(s) 39 - Boyd's Directory of Williamsport 1909, # 6 Exhibit(s) 40 - Evidence, In re CPLC, # 7 Exhibit(s) 41 - Certiorari, In re CPLC, # 8 Exhibit(s) 42 - Paper Book, In re CPLC, # 9 Exhibit(s) 43 - McCauley Declaration of Trust, # 10 Exhibit(s) 44 - Appendix, Proctor v. Sagamore) (Stockman, Paul) (Entered: 04/17/2018) |
| 04/17/2018 | 110 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 94 MOTION for Partial Summary Judgment *(Volume Fifteen)*. (Attachments: # 1 Exhibit(s) 45 - Mar. 27, 1916 Letter, # 2 Exhibit(s) 46 - May 15, 1916 Letter, # 3 Exhibit(s) 47 - Williamsport Sun-Gazette, Apr. 4, 1917, # 4 Exhibit(s) 48 - Stipulation, Proctor v. Sagamore, # 5 Exhibit(s) 49 - Letter from Potter from Abstract of Title, # 6 Exhibit(s) 50 - 1980 Exxon Lease, # 7 Exhibit(s) 51 - 1910 Census Manuscript Schedule)(Stockman, Paul) (Entered: 04/17/2018) |
| 04/18/2018 | 111 | STATUS REPORT by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Bechtel, Bradley) (Entered: 04/18/2018) |
| 04/18/2018 | 112 | STATUS REPORT *(joinder)* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Stockman, Paul) (Entered: 04/18/2018) |
| 04/25/2018 | 114 | Consent MOTION for Extension of Time to File Brief to 94 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Stockman, Paul) (Entered: 04/25/2018) |
| 04/27/2018 | 115 | ORDER - IT IS ORDERED that, with the exception of the deposition of Mr. Kendall on May 31, 2018, all discovery and all other case management deadlines are STAYED pending the final resolution of Defendants' Motion for Partial Summary Judgment. IT IS FURTHER ORDERED that Defendants' concurred-in motion to extend the time in which they have to file a brief in support of their Motion for Partial Summary Judgment 114 is GRANTED.Signed by Magistrate Judge Susan E. Schwab on 4/27/2018 (ktt) (Entered: 04/27/2018) |
| 05/03/2018 | 116 | Consent MOTION for Extension of Time to File Brief to 94 MOTION for Partial Summary Judgment *and for Increase in Word Limit* filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 05/03/2018) |
| 05/04/2018 | 117 | ORDER - IT IS HEREBY ORDERED that their motion 116 is GRANTED. IT IS FURTHER ORDERED that, on or before May 11, 2018, the Defendants shall file their brief in support of their pending motion for partial summary judgment. IT IS FINALLY ORDERED that their brief shall not exceed 10,000 words in length. Signed by Magistrate Judge Susan E. Schwab on 5/4/2018 (ktt) (Entered: 05/04/2018) |
| 05/09/2018 | 118 | BRIEF IN SUPPORT re 94 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 05/09/2018) |
| 07/02/2018 | 119 | RESPONSE by Commonwealth of Pennsylvania, Pennsylvania Game Commission to 94 MOTION for Partial Summary Judgment . (Attachments: # 1 Proposed Order)(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 120 | BRIEF IN OPPOSITION re 94 MOTION for Partial Summary Judgment filed by |

**JA64**

| | | |
|---|---|---|
| | | Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 121 | ANSWER TO STATEMENT OF FACTS re 120 Brief in Opposition to Motion for Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 122 | APPENDIX by Commonwealth of Pennsylvania, Pennsylvania Game Commission. to 121 Answer to Statement of Facts . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 123 | MOTION for Partial Summary Judgment by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Proposed Order)(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 124 | BRIEF IN SUPPORT re 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Unpublished Opinion(s))(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 125 | STATEMENT OF FACTS re 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/02/2018 | 126 | APPENDIX by Commonwealth of Pennsylvania, Pennsylvania Game Commission. to 123 MOTION for Partial Summary Judgment . (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 07/02/2018) |
| 07/11/2018 | 127 | Consent MOTION for Extension of Time to *File Reply Brief and Response Brief* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Lange, Laura) (Entered: 07/11/2018) |
| 07/12/2018 | 128 | ORDER granting 127 Motion to Extend Time. Signed by Magistrate Judge Susan E. Schwab on 7/12/2018 (ktt) (Entered: 07/12/2018) |
| 08/03/2018 | 129 | STATEMENT OF FACTS re 125 Statement of Facts filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 130 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 129 Statement of Facts *(Volume One)*. (Attachments: # 1 Exhibit(s) L - Gass reply declaration, # 2 Exhibit(s) M - Hochberg reply declaration, # 3 Exhibit(s) N - Kendall reply declaration, # 4 Exhibit(s) 52 - Barclay Township seated land assessment, # 5 Exhibit(s) 53 - McIntyre Township 1905 assessments)(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 131 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 129 Statement of Facts *(Volume Two)*. (Attachments: # 1 Exhibit(s) 54 - McIntyre Township 1907 assessments, # 2 Exhibit(s) 55 - McIntyre Township 1908 assessments)(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 132 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 129 Statement of Facts *(Volume Three)*. (Attachments: # 1 Exhibit(s) 56 - McIntyre Township 1909 assessments, # 2 Exhibit(s) 57 - Lycoming County coal maps, # 3 Exhibit(s) 58 - DCNR Oil & Gas Fields map)(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 133 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 129 Statement of Facts *(Volume Four)*. (Attachments: # 1 Exhibit(s) 59 - Proctor estate letters to county treasurers, # 2 Exhibit(s) 60 - Oct.15, 1909 letter from Proctor to McCauley, # 3 Exhibit(s) 61 - Dec. 22, 1910 letter from Proctor to McCauley, # 4 Exhibit(s) 62 - March 1913 Proctor letters, # 5 Exhibit(s) 63 - Mar. 26, 1915 letter from Proctor to Neal, # 6 Exhibit(s) 64 - July 7, 1916 letter from Proctor to McCauley, # 7 Exhibit(s) 65 - Nov. 10, |

**JA65**

1916 letter from Proctor to Baden Coal Co, # 8 Exhibit(s) 66 - Feb. 2, 1918 letter from Dalrymple to McCauley, # 9 Exhibit(s) 67 - Aug. 17, 1920 letter from Proctor to McCauley, # 10 Exhibit(s) 68 - Aug. 25, 1920 letter from Proctor to McCauley, # 11 Exhibit(s) 69 - Map of coal lands, # 12 Exhibit(s) 70 - Sept. 8, 1920 letter from Dalrymple to McCauley, # 13 Exhibit(s) 71 - Dec. 8, 1920 letter from Dalrymple to McCauley, # 14 Exhibit(s) 72 - Apr. 28, 1911 letter from Dalrymple to Hill, # 15 Exhibit(s) 73 - Nov. 10, 1916 letter from Proctor to Hill, # 16 Exhibit(s) 74 - Feb. 16, 1917 letter from Proctor to Hill, # 17 Exhibit(s) 75 - Feb. 16 1917 letter from Proctor to Hill, # 18 Exhibit(s) 76 - Aug. 17, 1917 letter from Dalrymple to Hill, # 19 Exhibit(s) 77 - Sept. 6, 1918 letter from Dalrymple to Hill, # 20 Exhibit(s) 78 - Nov. 30, 1920 letter from Dalrymple to Hill, # 21 Exhibit(s) 79 - Dec. 30, 1920 letter from Dalrymple to Hill, # 22 Exhibit(s) 80 - Jan. 6, 1921 letter from Dalrymple to Hill, # 23 Exhibit(s) 81 - May 9, 1921 letter from Proctor to Hill, # 24 Exhibit(s) 82 - July 21, 1921 letter from Dalrymple to Hill)(Stockman, Paul) (Entered: 08/03/2018)

| | | |
|---|---|---|
| 08/03/2018 | 134 | APPENDIX by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 129 Statement of Facts *(Volume Five)*. (Attachments: # 1 Exhibit(s) 83 - Abstract of title, L-36 (excerpts))(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 135 | BRIEF IN OPPOSITION re 123 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 136 | MOTION to Strike *Declaration of J.C. Wilkinson, III* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 137 | BRIEF IN SUPPORT re 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A - June 6, 2016 Wallace & Wallace memo)(Stockman, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 138 | REPLY BRIEF re 94 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 08/03/2018) |
| 08/09/2018 | 139 | Consent MOTION for Extension of Time to File Brief to 125 Statement of Facts, 123 MOTION for Partial Summary Judgment , 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Proposed Order)(Bechtel, Bradley) (Entered: 08/09/2018) |
| 08/13/2018 | 140 | ORDER granting 139 Motion for Extension of Time. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 8/13/2018 (ktt) (Entered: 08/13/2018) |
| 09/14/2018 | 141 | BRIEF IN OPPOSITION re 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 09/14/2018) |
| 09/14/2018 | 142 | BRIEF IN OPPOSITION re 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 09/14/2018) |
| 09/14/2018 | 143 | ANSWER TO STATEMENT OF FACTS re 129 Statement of Facts filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 09/14/2018) |
| 09/14/2018 | 144 | REPLY BRIEF re 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: |

**JA66**

| | | 09/14/2018) |
|---|---|---|
| 09/28/2018 | 145 | REPLY BRIEF re 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A) (Lange, Laura) (Entered: 09/28/2018) |
| 10/01/2018 | 146 | First MOTION to Withdraw as Attorney by Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order Proposed Order)(Waffenschmidt, Thomas) (Entered: 10/01/2018) |
| 10/03/2018 | 147 | ORDER granting 146 Motion to Withdraw as Attorney. Attorney Thomas Waffenschmidt terminated. Signed by Magistrate Judge Susan E. Schwab on 10/3/2018 (ktt) (Entered: 10/03/2018) |
| 12/21/2018 | 148 | MOTION to Supplement *Statement of Material Facts* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A - Email from Nestor to Lange, Dec. 12, 2018, # 2 Exhibit(s) B - Supplemental Statement of Material Facts, # 3 Exhibit(s) C - Supplemental Appendix, # 4 Exhibit(s) 84 - Letter from Potter to CPLC, Aug. 19, 1931, # 5 Exhibit(s) 85 - Letter from Jones to Potter, Aug. 26, 1931, # 6 Exhibit(s) 86 - Letter from Potter to Slautterback, June 15, 1931, # 7 Proposed Order) (Stockman, Paul) (Entered: 12/21/2018) |
| 12/28/2018 | 149 | SCHEDULING ORDER: Telephone Status Conference set for 1/11/2019 at 11:00 AM before Magistrate Judge Susan E. Schwab. Signed by Magistrate Judge Susan E. Schwab on 12/28/2018. (ktt) (Entered: 12/28/2018) |
| 01/07/2019 | 150 | BRIEF IN OPPOSITION re 148 MOTION to Supplement *Statement of Material Facts* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 01/07/2019) |
| 01/11/2019 | 152 | ORDER - IT IS ORDERED that the Proctor Trusts' motion 148 for leave to file a supplemental statement of material facts is GRANTED. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Susan E. Schwab on 1/11/2019 (ktt) (Entered: 01/11/2019) |
| 01/14/2019 | 153 | STATEMENT OF FACTS re 94 MOTION for Partial Summary Judgment , 123 MOTION for Partial Summary Judgment filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Supplement - Supplemental Appendix, # 2 Exhibit(s) 84 - Aug. 19, 1931 Letter from Potter to CPLC, # 3 Exhibit(s) 85 - Aug. 26, 1931 Letter from Jones to Potter, # 4 Exhibit(s) 86 - June 15, 1931 Letter from Potter to Slautterback)(Stockman, Paul) (Entered: 01/14/2019) |
| 01/28/2019 | 154 | ANSWER TO STATEMENT OF FACTS re 153 Statement of Facts, filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 01/28/2019) |
| 02/21/2019 | 155 | REPORT AND RECOMMENDATIONS re 94 MOTION for Partial Summary Judgment filed by Thomas E. Proctor Heirs Trust, Margaret Proctor Trust, 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission, 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* filed by Thomas E. Proctor Heirs Trust, Margaret Proctor Trust. Objections to R&R due by 3/7/2019. Signed by Magistrate Judge Susan E. Schwab on 2/21/2019. (ktt) (Entered: 02/21/2019) |
| 03/07/2019 | 156 | Unopposed MOTION to Exceed Page Limitation *Word Limit* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Lange, Laura) (Entered: 03/07/2019) |
| 03/07/2019 | 157 | OBJECTION to 155 Report and Recommendations . (Bechtel, Bradley) (Entered: 03/07/2019) |

**JA67**

| 03/07/2019 | 158 | REPLY by Commonwealth of Pennsylvania, Pennsylvania Game Commission. to 157 Objection to Report and Recommendations . (Bechtel, Bradley) (Entered: 03/07/2019) |
|---|---|---|
| 03/07/2019 | 159 | ORDER granting defts' unopposed motion 156 for leave to exceed word limit for defts' objection to the R&R not to exceed 10,000 words. (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 3/7/19. (ki) (Entered: 03/07/2019) |
| 03/07/2019 | 160 | OBJECTION to 155 Report and Recommendations by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Lange, Laura) (Entered: 03/07/2019) |
| 03/21/2019 | 161 | RESPONSE by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust to 157 Objection to Report and Recommendations . (Attachments: # 1 Exhibit(s) 1)(Lange, Laura) (Entered: 03/21/2019) |
| 03/21/2019 | | DOCKET ANNOTATION: Counsel is advised to file a certificate of service for Doc. 161. (pjr) (Entered: 03/21/2019) |
| 03/21/2019 | 162 | RESPONSE by Commonwealth of Pennsylvania, Pennsylvania Game Commission to 160 Objection to Report and Recommendations . (Attachments: # 1 Congressional Record)(Bechtel, Bradley) (Entered: 03/21/2019) |
| 03/28/2019 | 163 | REPLY by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. to 162 Response *to Objection to Report and Recommendation.* (Lange, Laura) (Entered: 03/28/2019) |
| 12/10/2019 | 164 | NOTICE by Commonwealth of Pennsylvania, Pennsylvania Game Commission re 155 REPORT AND RECOMMENDATIONS re 94 MOTION for Partial Summary Judgment filed by Thomas E. Proctor Heirs Trust, Margaret Proctor Trust, 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylv, 94 MOTION for Partial Summary Judgment , 123 MOTION for Partial Summary Judgment , 136 MOTION to Strike *Declaration of J.C. Wilkinson, III* (Attachments: # 1 Unpublished Opinion(s))(Bechtel, Bradley) (Main Document 164 replaced on 11/15/2021) (jw). (Attachment 1 replaced on 11/15/2021) (jw). (Entered: 12/10/2019) |
| 12/18/2019 | 165 | MEMORANDUM (Order to follow as separate docket entry) re: 94 MOTION for Partial Summary Judgment filed by Thomas E. Proctor Heirs Trust, Margaret Proctor Trust & 123 MOTION for Partial Summary Judgment filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (See memo for complete details.) Signed by Chief Judge Christopher C. Conner on 12/18/19. (ki) - VACATED per April 21, 2020 Order. (Entered: 12/18/2019) |
| 12/18/2019 | 166 | ORDER (Memorandum 165 filed previously as separate docket entry) ADOPTING Judge Schwabs report 155 to extent set forth in memo 165 , GRANTING pltfs motion 123 for partial summary jdgmt, DENYING defts motion 94 for partial summary jdgmt, DEFERRING entry of jdgmt per para 2 pending resolution of remaining claims sub judice, GRANTING in Part & DENYING in Part defts motion 136 to strike declaration of JC Wilkinson, III, as set forth more fully in Judge Schwabs report & this cts memo, & SCHEDULING TELEPHONIC STATUS CONFERENCE to discuss status of remaining claims for 11:00 a.m. on 1/8/20 w/ counsel for pltf to initiate the call to chambers at (717)221-3941. (See order for complete details.).Signed by Chief Judge Christopher C. Conner on 12/18/19. (ki) - VACATED per April 21, 2020 Order. (Entered: 12/18/2019) |
| 12/24/2019 | 167 | Consent MOTION for Extension of Time to file Motion for Reconsideration of December 18, 2019 Order *to January 9, 2020* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Lange, Laura) (Entered: 12/24/2019) |
| 12/26/2019 | | DOCKET ANNOTATION: Counsel is advised to file a certificate of service for Doc. 167. (ve) (Entered: 12/26/2019) |

**JA68**

| 12/26/2019 | 168 | CERTIFICATE OF SERVICE by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust re 167 Consent MOTION for Extension of Time to file Motion for Reconsideration of December 18, 2019 Order *to January 9, 2020* (Lange, Laura) (Entered: 12/26/2019) |
|---|---|---|
| 12/27/2019 | 169 | ORDER granting consent motion 167 for ext of time to move for reconsideration until 1/9/20. (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 12/27/19. (ki) (Entered: 12/27/2019) |
| 01/08/2020 | 170 | ORDER postponing 1/8/20 telephone conference pending disposition of anticipated motion for reconsideration 167 169 . (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 1/8/20. (ki) (Entered: 01/08/2020) |
| 01/09/2020 | 171 | MOTION for Reconsideration re 166 Order (memorandum filed previously as separate docket entry),,,, Order Adopting Report and Recommendations,,,, Terminate Motions,,,, Set/Clear Flags,,,, Set Deadlines/Hearings,,,, Order on Motion for Partial Summary Judgment,,,,,,,, Order on Motion to Strike,,,, Order on Report and Recommendations,,, by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Lange, Laura) (Entered: 01/09/2020) |
| 01/09/2020 | 172 | BRIEF IN SUPPORT re 171 MOTION for Reconsideration re 166 Order (memorandum filed previously as separate docket entry),,,, Order Adopting Report and Recommendations,,,, Terminate Motions,,,, Set/Clear Flags,,,, Set Deadlines/Hearings,,,, Order on Motion for Partial Summa filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Lange, Laura) (Entered: 01/09/2020) |
| 01/23/2020 | 173 | BRIEF IN OPPOSITION re 171 MOTION for Reconsideration re 166 Order (memorandum filed previously as separate docket entry),,,, Order Adopting Report and Recommendations,,,, Terminate Motions,,,, Set/Clear Flags,,,, Set Deadlines/Hearings,,,, Order on Motion for Partial Summa filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Exhibit(s) A)(Bechtel, Bradley) (Entered: 01/23/2020) |
| 01/29/2020 | 174 | REPLY BRIEF re 171 MOTION for Reconsideration re 166 Order (memorandum filed previously as separate docket entry),,,, Order Adopting Report and Recommendations,,,, Terminate Motions,,,, Set/Clear Flags,,,, Set Deadlines/Hearings,,,, Order on Motion for Partial Summa filed by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) 1 - Commonwealth Court En Banc Memorandum Opinion, PGC v. Proctor Heirs Trust)(Stockman, Paul) (Entered: 01/29/2020) |
| 02/10/2020 | 175 | SCHEDULING ORDER: Oral Argument will be held on the Proctor Trusts motion for reconsideration (Doc. 171 ) on 3/5/2020 at 1:30 PM in Harrisburg - Courtroom 2 before Chief Judge Christopher C. Conner. SEE ORDER FOR COMPLETE DETAILS. Signed by Chief Judge Christopher C. Conner on 2/10/2020. (ktt) (Entered: 02/10/2020) |
| 02/21/2020 | 176 | Unopposed MOTION to Continue *Hearing on Motion for Reconsideration* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 02/21/2020) |
| 02/21/2020 | | DOCKET ANNOTATION: Counsel is advised to file a proposed order for document 176 as a separate docket entry under the event document filed. (mfa) (Entered: 02/21/2020) |
| 02/21/2020 | 177 | Amended MOTION to Continue *Hearing (including Proposed Order)* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order) (Stockman, Paul) (Entered: 02/21/2020) |
| 02/24/2020 | 178 | ORDER granting 177 Motion to Continue. Oral argument will be held on the defendants motion for reconsideration on Wednesday, April 1, 2020, at 1:30 p.m. Signed by Chief Judge Christopher C. Conner on 2/24/2020 (ktt) (Entered: 02/24/2020) |

**JA69**

| 02/24/2020 | | Set Hearings: Oral Argument set for 4/1/2020 at 1:30 PM in Harrisburg - Courtroom 2 before Chief Judge Christopher C. Conner. (ktt) (Entered: 02/24/2020) |
|---|---|---|
| 04/06/2020 | 180 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of teleconference oral argument held on 1 April 2020 before Chief Judge Conner. Court Reporter/Transcriber: Wesley J. Armstrong, RMR (contact at Wesley_Armstrong@pamd.uscourts.gov). Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/27/2020. Redacted Transcript Deadline set for 5/7/2020. Release of Transcript Restriction set for 7/6/2020. (Entered: 04/06/2020) |
| 04/15/2020 | 181 | Letter from Paul K. Stockman *re: April 1, 2020 Oral Argument*. (Attachments: # 1 Exhibit(s) 1 - Leroy Twp 1907 Assessment Record, # 2 Exhibit(s) 2 - Excerpts from Black on Tax Titles)(Stockman, Paul) (Entered: 04/15/2020) |
| 04/21/2020 | 182 | ORDER - The Proctor Trusts' motion 171 for reconsideration is GRANTED. This court's December 18, 2019 memorandum 165 and order 166 are VACATED. A revised memorandum and order addressing the parties' objections to Chief Magistrate Judge Susan E. Schwab's February 21, 2019 report and recommendations 155 on the parties' cross-motions (Docs. 94 , 123 ) for partial summary judgment shall issue forthwith. Signed by Chief Judge Christopher C. Conner on 4/21/2020 (ktt) (Entered: 04/21/2020) |
| 04/21/2020 | 183 | MEMORANDUM (Order to follow as separate docket entry). The court finds that there are genuine disputes of material fact that preclude summary judgment for either party. These disputes include what interest was assessed in 1907 and sold at the 1908 tax sale, as well as whether McCauley was acting as CPLC's agent at that sale. Accordingly, we will deny the parties' cross- motions for partial summary judgment. An appropriate order shall issue. Signed by Chief Judge Christopher C. Conner on 4/21/2020. (ktt) (Entered: 04/21/2020) |
| 04/21/2020 | 184 | ORDER (memorandum filed previously as separate docket entry). Judge Schwab's report 155 is ADOPTED only to the extent set forth in the accompanying memorandum. The Game Commission's motion 123 for partial summary judgment is DENIED. The Proctor Trusts' motion 94 for partial summary judgment is DENIED. The Proctor Trusts' motion 136 to strike declaration of J.C. Wilkinson, III, is GRANTED in part and DENIED in part as more fully set forth in Judge Schwab's report 155 and our accompanying memorandum. SEE ORDER FOR COMPLETE DETAILS. Signed by Chief Judge Christopher C. Conner on 4/21/2020. (ktt) (Entered: 04/21/2020) |
| 04/21/2020 | | Set Hearings: Telephone Status Conference set for 5/7/2020 at 10:00 AM before Chief Judge Christopher C. Conner. (ktt) (Entered: 04/21/2020) |
| 05/05/2020 | 185 | MOTION for Reconsideration re 182 Order on Motion for Reconsideration,, by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Proposed Order)(Bechtel, Bradley) (Entered: 05/05/2020) |
| 05/05/2020 | 186 | BRIEF IN SUPPORT re 185 MOTION for Reconsideration re 182 Order on Motion for Reconsideration,, filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 05/05/2020) |
| 05/06/2020 | 187 | ORDER - it is hereby ORDERED that the Game Commission's motion 185 for reconsideration is DENIED. SEE ORDER FOR COMPLETE DETAILS. Signed by Chief Judge Christopher C. Conner on 5/6/2020 (ktt) (Entered: 05/06/2020) |
| 05/08/2020 | 189 | ORDER - it is hereby ORDERED that: 1. The court will hold a bench trial as soon as practicable to resolve the outstanding issues of material fact regarding ownership of the subsurface estate of the Josiah Haines warrant. 2. The parties shall meet and confer and |

JA70

| | | jointly propose a schedule for pretrial matters and bench trial in this case. Signed by Chief Judge Christopher C. Conner on 5/8/2020. (ktt) (Entered: 05/08/2020) |
|---|---|---|
| 05/26/2020 | 190 | ORDER - it is hereby ORDERED that the parties shall meet and confer and jointly propose a schedule for pretrial matters and bench trial in this case on or before Monday, June 1, 2020. Signed by Chief Judge Christopher C. Conner on 5/26/2020. (ktt) (Entered: 05/26/2020) |
| 06/01/2020 | 191 | STATUS REPORT *Joint Report Regarding Trial Schedule* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Lange, Laura) (Entered: 06/01/2020) |
| 06/19/2020 | 192 | Exhibit List *Joint* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.. (Lange, Laura) (Entered: 06/19/2020) |
| 06/30/2020 | 194 | SCHEDULING ORDER: Telephone Status Conference set for 8/25/2020 at 10:00 AM before Honorable Christopher C. Conner. SEE ORDER FOR COMPLETE DETAILS. Signed by Honorable Christopher C. Conner on 6/30/2020. (ktt) (Entered: 06/30/2020) |
| 09/04/2020 | 196 | SCHEDULING ORDER: BENCH Trial set for 12/16/2020 at 9:30 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Signed by Honorable Christopher C. Conner on 9/4/2020. (ktt) (Entered: 09/04/2020) |
| 11/23/2020 | 197 | CASE MANAGEMENT ORDER Final Pretrial Conference set for 12/16/2020 09:30 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Pretrial Memos due by 12/9/2020.Signed by Honorable Christopher C. Conner on 11/23/2020. (mw) (Entered: 11/23/2020) |
| 11/23/2020 | 198 | CIVIL PRACTICE ORDER - See order for complete details Signed by Honorable Christopher C. Conner on 11/23/2020. (mw) (Entered: 11/23/2020) |
| 11/24/2020 | 199 | CASE MANAGEMENT ORDER Final Pretrial Conference set for 12/16/2020 09:30 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Bench Trial set for 12/16/2020 10:00 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Signed by Honorable Christopher C. Conner on 11/24/2020. (mw) (Entered: 11/24/2020) |
| 12/03/2020 | 200 | MOTION to Conduct Trial by Remote Videoconference by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Stockman, Paul) (Entered: 12/03/2020) |
| 12/04/2020 | | DOCKET ANNOTATION: Counsel is advised to refile Doc. 201 using the event: Civil Events Motions and Related Filings Responses and Replies (Briefs)- Brief in Opposition (Do not use for Summary Judgment Motions). (pjr) (Entered: 12/04/2020) |
| 12/04/2020 | 202 | BRIEF IN OPPOSITION re 200 MOTION to Conduct Trial by Remote Videoconference *Answer to Motion* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 12/04/2020) |
| 12/04/2020 | | DOCKET ANNOTATION: Doc. 201 deleted and refiled as Doc. 202. (pjr) (Entered: 12/04/2020) |
| 12/04/2020 | 203 | ORDER - it is hereby ORDERED that the defendants motion (Doc. 200 ) is DENIED. Trial in the above-captioned matter is CONTINUED until the court resumes bench trial proceedings.A telephonic pretrial scheduling conference shall commence at 1:30 p.m. on Monday, January 11, 2021. Signed by Honorable Christopher C. Conner on 12/4/2020. (mw) (Entered: 12/04/2020) |
| 12/04/2020 | 204 | Exhibit List by Commonwealth of Pennsylvania, Pennsylvania Game Commission, Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.. (Stockman, Paul) (Entered: |

**JA71**

| | | 12/04/2020) |
|---|---|---|
| 12/04/2020 | 205 | STIPULATION *of Facts* by Commonwealth of Pennsylvania, Pennsylvania Game Commission, Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Stockman, Paul) (Entered: 12/04/2020) |
| 12/04/2020 | 206 | TRIAL BRIEF *re: Evidentiary Issues* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A - Sheffield Depot Preservation Society Webpage, # 2 Exhibit(s) B - Kane Republican clipping, July 12, 1941)(Stockman, Paul) (Entered: 12/04/2020) |
| 01/11/2021 | | DOCKET ANNOTATION: As previously communicated to the parties, the telephonic scheduling conference scheduled for 1:30 p.m. today is cancelled. A new scheduling order shall issue. (mw) (Entered: 01/11/2021) |
| 01/11/2021 | 207 | ORDER - it is hereby ORDERED that the telephonic conference scheduled for Monday, January 11, 2021 is CANCELLED. Pretrial Conference set for 4/27/2021 09:30 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Non-jury Trial set for 4/27/2021 10:00 AM in Harrisburg - Courtroom 2 before Honorable Christopher C. Conner. Signed by Honorable Christopher C. Conner on 1/11/2021. (mw) (Entered: 01/11/2021) |
| 03/31/2021 | 208 | Unopposed MOTION to Withdraw as Attorney by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust.(Stockman, Paul) (Entered: 03/31/2021) |
| 04/01/2021 | 209 | NOTICE of Appearance by Justin G. Weber on behalf of Thomas E. Proctor Heirs Trust (Weber, Justin) (Entered: 04/01/2021) |
| 04/05/2021 | | DOCKET ANNOTATION: Counsel is advised to file a proposed order for document 208. (mw) (Entered: 04/05/2021) |
| 04/05/2021 | 210 | Proposed Order on Motion for Leave to Withdraw Appearance by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. 208 Unopposed MOTION to Withdraw as Attorney . (Stockman, Paul) (Entered: 04/05/2021) |
| 04/06/2021 | 211 | ORDER granting 208 Motion to Withdraw as Attorney. Attorney Paul K. Stockman terminated. Signed by Honorable Christopher C. Conner on 4/6/2021 (mw) (Entered: 04/06/2021) |
| 04/12/2021 | 212 | Unopposed MOTION to Dismiss Party *Pursuant to Rule 21* by Margaret Proctor Trust, Thomas E. Proctor Heirs Trust. (Attachments: # 1 Proposed Order)(Lange, Laura) (Entered: 04/12/2021) |
| 04/13/2021 | 213 | ORDER granting 212 Motion to Dismiss Party. Signed by Honorable Christopher C. Conner on 4/13/2021 (mw) (Entered: 04/13/2021) |
| 04/16/2021 | 214 | TRIAL BRIEF by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Unpublished Opinion(s))(Bechtel, Bradley) (Entered: 04/16/2021) |
| 04/16/2021 | 215 | APPENDIX by Commonwealth of Pennsylvania, Pennsylvania Game Commission. to 214 Trial Brief . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Bechtel, Bradley) (Entered: 04/16/2021) |
| 04/27/2021 | 217 | Post Trial Exhibit List by all parties(eo) (eo). (Entered: 04/27/2021) |
| 06/24/2021 | 218 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of civil bench trial proceedings, held on 27 April 2021 in Harrisburg, PA before Judge Conner. Court Reporter/Transcriber: Wesley J. Armstrong, RMR (contact at Wesley_Armstrong@pamd.uscourts.gov). Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for |

JA72

| | | Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/15/2021. Redacted Transcript Deadline set for 7/26/2021. Release of Transcript Restriction set for 9/22/2021. (Entered: 06/24/2021) |
|---|---|---|
| 07/02/2021 | 219 | Proposed Findings of Fact by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Unpublished Opinion(s) unpublished opinion, # 2 Unpublished Opinion(s) unpublished opinion, # 3 Certificate of Service certificate of service)(Bechtel, Bradley) (Entered: 07/02/2021) |
| 07/06/2021 | 220 | Proposed Findings of Fact by Thomas E. Proctor Heirs Trust. (Lange, Laura) (Entered: 07/06/2021) |
| 11/17/2021 | 221 | NOTICE by Thomas E. Proctor Heirs Trust *Supplemental Authority* (Attachments: # 1 Appendix Supplemental Authority)(Lange, Laura) (Entered: 11/17/2021) |
| 12/03/2021 | 222 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 12/3/2021. (mw) (Entered: 12/03/2021) |
| 12/03/2021 | 223 | ORDER (memorandum filed previously as separate docket entry) - it is hereby ORDERED that judgment is ENTERED in favor of defendant Thomas E. Proctor Heirs Trust on the issue of subsurface ownership in the bellwether Josiah Haines warrant only. The court will schedule, by separate order, a telephone conference with counsel to address remaining matters in the above litigation. Signed by Honorable Christopher C. Conner on 12/3/2021. (mw) (Entered: 12/03/2021) |
| 12/29/2021 | 225 | MOTION for Certificate of Appealability by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Proposed Order Proposed Order) (Bechtel, Bradley) (Entered: 12/29/2021) |
| 12/29/2021 | 226 | BRIEF IN SUPPORT to MOTION for Certificate of Appealability filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission.(Bechtel, Bradley) (Entered: 12/29/2021) |
| 01/12/2022 | 227 | BRIEF IN OPPOSITION re 225 MOTION for Certificate of Appealability filed by Thomas E. Proctor Heirs Trust. (Attachments: # 1 Exhibit(s) A - Property Information) (Lange, Laura) (Entered: 01/12/2022) |
| 01/20/2022 | 228 | REPLY BRIEF re 226 MOTION. *for Certificate of Appealability* filed by Commonwealth of Pennsylvania, Pennsylvania Game Commission. (Attachments: # 1 Exhibit(s) unreported order and opinion)(Bechtel, Bradley) (Entered: 01/20/2022) |
| 01/28/2022 | 229 | ORDER - it is hereby ORDERED that The Game Commissions motion (Doc. 225 ) to certify an interlocutory appeal is GRANTED. Proceedings in this matter are STAYED pending appeal. SEE ORDER FOR COMPLETE DETAILS. Signed by Honorable Christopher C. Conner on 1/28/2022. (mw) (Entered: 01/28/2022) |
| 03/24/2022 | 230 | ORDER of USCA granting Petition for Leave to Appeal (King, James) (Entered: 03/30/2022) |
| 03/24/2022 | 231 | NOTICE OF APPEAL from grant of petition for permission to appeal under 28 U.S.C. Section 1292(b) filed by Pennsylvania Game Commission. Filing fee $505.00 paid, receipt number 111028276. (ibr) (Entered: 03/30/2022) |
| 03/29/2022 | | Receipt of payment from VALERIE CAGGIANO in the amount of $505.00 for NOTICE OF APPEAL/DOCKETING FEE. Transaction posted on 3/28/2022. Receipt number 111028276 processed by aarlidge. (jjs) (Entered: 03/29/2022) |

**JA73**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/19/2022 10:37:38 | | | |
| **PACER Login:** | MScarinciAG | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-01567-CCC |
| **Billable Pages:** | 22 | **Cost:** | 2.20 |

**JA74**

UNITED STATES DICSTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANNIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION | : : : : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No.: |
| | : | 1:12-CV-01567 |
| Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879, its successors and assigns; and the MARGARET PROCTOR TRUST; | : : : : : : : | |
| Defendants | : | |

To:     Margaret Proctor Trust:

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.  A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal services of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within 20 days from the date shown below, which is the date this notice was sent.  Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy.  You may keep the other copy.

**JA75**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date waiver is filed, but no summons will be served on you and you will have 60 days from the this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside and judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on December 1, 2014.

# UNITED STATES DICSTRICT COURT
### for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : |
| PENNSYLVANIA GAME COMMISSION | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| Thomas E. Proctor Heirs Trust under Declaration | : |
| of Trust dated October 28, 1980, which is recorded | : |
| in Sullivan County in Book 1106, at page 879, its | : |
| successors and assigns; and the Margaret Proctor | : |
| Trust | : |
| Defendants. | : |

Civil Action No._____
1:12-CV-01567

To:    Margaret Proctor Trust, **Defendant.**

## WAIVER OF THE SERVICE OF SUMMONS

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this wavier form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of a serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file an serve an answer or a motion under Rule 12 with 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will entered against me or the entity I represent.

_____

**JA77**

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant show good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

JA78

# UNITED STATES DICSTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF PENNSYLVANIA,     :
PENNSYLVANIA GAME COMMISSION    :
         Plaintiff,             :
         vs.                 :       Civil Action No._____
                           :       1:12-CV-01567
Thomas E. Proctor Heirs Trust under Declaration   :
of Trust dated October 28, 1980, which is recorded   :
in Sullivan County in Book 1106, at page 879, its   :
successors and assigns; and the Margaret Proctor    :
Trust                               :
         **Defendants.**              :

To:    Margaret Proctor Trust, **Defendant.**

## WAIVER OF THE SERVICE OF SUMMONS

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this wavier form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of a serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file an serve an answer or a motion under Rule 12 with 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will entered against me or the entity I represent.

_____

**JA79**

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant show good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF PENNSYLVANNIA

COMMONWEALTH OF       :
PENNSYLVANIA,       :
PENNSYLVANIA GAME       :
COMMISSION       :
           Plaintiff,       :
       vs.       :
      :
Thomas E. Proctor Heirs Trust under :
Declaration of Trust dated       :
October 28, 1980, which is recorded :
in Sullivan County in Book 1106,       :
at page 879, its successors and assigns;:
and the MARGARET PROCTOR       :
TRUST;       :
           Defendants       :

Civil Action No.:
1:12-CV-01567

## SECOND AMENDED COMPLAINT

NOW, this _1st_ day of _December_, 2014, comes the Plaintiff,

Commonwealth of Pennsylvania, Pennsylvania Game Commission, by and

1

JA81

through its counsel, and makes this Second Amended Complaint for Action to Quiet Title against the above Defendant and makes the following allegations in support thereof:

THE PARTIES

1.    Plaintiff is the Commonwealth of Pennsylvania, Pennsylvania Game Commission, (hereinafter, PGC) an independent Commonwealth administrative agency with its principal offices located at 2001 Elmerton Avenue, Harrisburg, PA 17110.

2.    Defendants, its successors, assigns, are:

a.    Thomas E. Proctor Heirs Trust, a Massachusetts Trust, and unknown persons claiming any right, lien, title or interest by, through or under them, or any of them, are natural persons, not known to be living or dead, and whose whereabouts are unknown to the Plaintiff.

b.    Margaret Proctor Trust, a trust which, upon information and belief, is a trust held in benefit for the heirs of Thomas E. Proctor and Emma H. Proctor, which maintains a mailing address of c/o McGuire Woods, EQT Plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, PA 15222-3142.

The Defendants are named in this litigation due to the fact that the trusts believe and/or have asserted that they have an interest in the real

2

property interests which are the subject of this action.

## JURISDICTION

3.      The plaintiff is an independent state commission of the Commonwealth of Pennsylvania existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2001 Elmerton Avenue, Harrisburg, PA 17110. One of the Defendants is a Massachusetts trust, of which none of the beneficiaries are citizens of Pennsylvania. The amount in controversy, without interest and costs, exceeds $75,000.00, being the sum or value specified by 28 U.S.C. §1332.

## APPLICABLE LAW

4.      This is a complaint involving title to real property located in Davidson and Laporte Townships, Sullivan County, Pennsylvania, so the applicable substantive law is the real property law of the Commonwealth of Pennsylvania.

## THE PREMISES

5.      The property which is the subject of this dispute (the "Premises") is approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania.

6.      The Premises are comprised of six warrants in the Warrantee names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton,

3

JA83

Charles Irwin and William Meylert (No. 2).

7.     The Commonwealth of Pennsylvania acquired its ownership interest to the Premises under and by virtue of a certain deed by and between the Central Pennsylvania Lumber Company and the PGC, dated December 31, 1924 and recorded on June 6, 1925 in Sullivan County Deed Book 42, at page 538 which did except, however,

> "from the operation of th[e] covenant of warranty, all liability of the Central Pennsylvania Lumber Company as to any existing or outstanding mineral reservations."

A true and correct copy of this deed, including a description of the property at issue in this case, is incorporated herein by reference as if fully set forth and marked Exhibit A.

8.     The PGC designates the Premises as part of contract number L-44, and it is part of State Game Lands No. 13.

THE TITLES

9.     Abstracts of titles of the Premises from the Land Office and into the Plaintiff and showing Defendant's exception and reservation is attached hereto, incorporated herein by reference as if fully set forth and marked Exhibit B.

10.     The PGC claims its interest in, *inter alia*, the coal, oil, gas or petroleum, and minerals, as well as the surface and surface support rights in

4

and to the Premises by virtue of the deed recited in Paragraph 7 hereof.

11.     The titles to the aforementioned L-44 contain the following conveyances:

a.     A certain deed by and between Thomas E. Proctor and Emma H. Proctor, his wife, to Union Tanning Company, dated October 30, 1894 and recorded January 23, 1895 in Sullivan County Deed Book 24, at page 53, in which Thomas E. and Emma H. Proctor did,

> "reserve and save to himself, his heirs and assigns all the minerals, coal, oil, gas or petroleum found in or under the surface of the land described in each of the above mentioned divisions."

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit C.

b.     A quitclaim deed from O. B. Grant and Sarah M. Grant, his wife, dated September 17, 1897 and recorded June 13, 1898 in Sullivan County Deed Book 24, at page 790, to Emma H. Proctor, widow, James H. Proctor, Anne P. Rice, Emily W. Proctor, Thomas E. Proctor, heirs at law of Thomas E. Proctor, deceased, quitclaiming, *inter alia*,

> "all the right, title, interest and estate acquired by the parties of the first part hereto under and by virtue of forty-two several treasurer's Deeds from A. L. Smith, Treasurer of Sullivan County, Pennsylvania to O. B. Grant, dated September 21, 1896, of, in and to the minerals, coal, oil, gas or petroleum found on or under the surface of the lands described in said Treasurer's deeds."

5

A true and correct copy of this document is incorporated herein by reference as if fully set forth and marked Exhibit D.

12.    After the reservation and conveyance to the Proctors mentioned in Paragraph 11, the Premises were unseated land sold by Sullivan County Treasurer, Frank H. Farrell to C.H. McCauley, Jr. at Treasurer's sale dated June 8, 1908, as follows:

a.    Charles Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

b.    William Meylert Warrant Treasurer's Sale Book 1, Page 261, acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

c.    John Brady Warrant Treasurer's Sale Book 1, Page 259, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

d.    Thomas Hamilton Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908;

e.    Frances Nichols Warrant Treasurer's Sale Book 1, Page 261,

JA86

acknowledged December 16, 1908, referenced in Minute Book 7, page 244, Treasurer's Deed dated December 1, 1908;

    f.    Robert Irwin Warrant Treasurer's Sale Book 1, Page 260, acknowledged December 16, 1908, referenced in Minute Book 7, page 242, Treasurer's Deed dated December 1, 1908.

    13.    C.H. McCauley, Jr. and Florence M. McCauley, his wife, by their deed dated December 6, 1910, and recorded in Sullivan County Deed Book 36 at page 223, granted and conveyed the said Premises to Central Pennsylvania Lumber Company.

    14.    According to Affidavit of Ann P. Hochberg, Esq., recorded on December 9, 2009 to instrument number 20097573 in Bradford County, Pennsylvania, Thomas E. Proctor , Sr. (named in Paragraph 11) died on or about December 7, 1895, a resident of Boston Massachusetts. A true and correct copy of this Affidavit is hereby incorporated herein by reference, attached hereto and marked Exhibit E.

    15.    Thomas E. Proctor, Sr. was survived by his widow, Emma Howe Proctor and four children:  James Howe Proctor, Anne Steele Proctor Rice, Emily Water Proctor Mandell and Thomas Emerson Proctor, Jr.

    16.    A close reading of the Affidavit, Exhibit E, sets out the chain of title for the Proctor family and indicates that ultimately, a majority of the

7

heirs of Thomas E. Proctor, Sr., conveyed their allegedly owned mineral interests in Pennsylvania, which derived from Thomas E. Proctor, Sr. to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879. A true and correct copy of this Declaration of Trust is incorporated herein by reference, attached hereto and marked, Exhibit F.

17. At the time of the sales for unpaid taxes referenced in Paragraph 12, the Defendants did not have the oil, gas and mineral estates separately assessed.

18. At the time of the sale for unpaid taxes, the real property was unseated.

19. Pursuant to the principles espoused in *Hutchinson V. Kline*, 199 Pa. 564 (1901); *F.H. Rockwell & Co. v. Warren County*, 228 Pa. 430 (1910); and *Proctor v. Sagamore Big Game Club*, 155 F.Supp. 465 (W.D. Pa, 1958), a tax sale of the unseated land passed all title of the real estate fairly chargeable with the taxes and not separately assessed.

20. Various Acts of the General Assembly have ratified prior tax sales.

21. The PGC acquired its interests in the Premises from or through the purchasers at the tax sales.

22. The PGC acquired all interests in the Premises including, but not limited to, those rights allegedly severed previously, by the conveyance listed in Paragraph 7.

23. The existence of the documents set out in Paragraph 11 and 16 cause a cloud upon the title of the PGC.

24. The Defendants have made claims to ownership or have tried to convey rights, specifically with regard to oil and gas.

WHEREFORE, the PGC respectfully requests this Honorable Court to issue and order:

1. Pursuant to Pa.R.C.P. 1061(b)(3) against the Defendants to admit the invalidity of any right, title or interest Defendant, or any of them claim in the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, most particularly admit the invalidity of any interest, right or claim pursuant to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879; or in the

9

JA89

alternative,

    2.    Pursuant to Pa.R.C.P. 1061(b)(4) to grant possession of the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, which was sold at tax sales June 1, 1908, and for which various deeds were dated December 1, 1908, as set forth in the Amended Complaint, to the PGC; and

    3.    Such other relief as this Honorable Court may find just and reasonable.

Respectfully submitted,
PENNSYLVANIA GAME COMMISSION

DATE: 12/1/2014

Bradley C. Bechtel, Chief Counsel
I.D. #49681
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov

JA90

CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania Game Commission, hereby certify I served a copy of the foregoing AMENDED COMPLAINT in accordance with F.R.C.P. 5 upon Plaintiffs by depositing same in the United States First Class Mail, on December 1, 2014, addressed as follows:

The Waffenschmidt Law Firm, LLC
ATTN: Thomas Waffenschmidt, Esquire
Attorney for Defendant
811 S. Market Street
South Williamsport, PA 17702

By: _____
Bradley C. Bechtel, Chief Counsel

11

JA91

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | CASE NO. 1:12-CV-1567 |
| | Hon. Christopher C. Conner United States District Judge |
| Plaintiff, | |
| v. | Hon. Susan E. Schwab United States Magistrate Judge |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | |
| Defendants. | |

## DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT WITH COUNTERCLAIMS

Defendants Charles Rice Kendall and Ann P. Hochberg, Trustees of the Thomas E. Proctor Heirs Trust, and Bank of America, N.A. and John J. Slocum, Jr., Trustees of the Margaret O.F. Proctor Trust (collectively the "Proctor Trusts"), for their Amended Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Commonwealth of Pennsylvania, Pennsylvania Game Commission ("Game Commission") and Counterclaims, state the following:

### The Parties

1.     The Proctor Trusts admits that the Commonwealth of Pennsylvania, Pennsylvania Game Commission has initiated this lawsuit.  After reasonable

investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and they therefore are denied.

2.      Admitted in part and denied in part.  It is admitted that the Proctor Heirs Trust (the "PHT") holds a 15/16 or 93.75% interest in the subsurface estate, right and interests reserved by Thomas E. Proctor, Sr. and Emma H. Proctor and also specifically conveyed to Emma H. Proctor and her heirs ("the Proctor Subsurface Estate") for the benefit of certain heirs of Thomas E. Proctor, Sr. and Emma H. Proctor.  It is further admitted that the Margaret O.F. Proctor Trust (the "MPT") holds a 1/16 or 6.25% interest in the Proctor Subsurface Estate for the benefit of certain heirs of Thomas E. Proctor, Sr. and Emma H. Proctor.   The Proctor Trusts believe, assert, and in fact, do, collectively hold 100% of the Proctor Subsurface Estate for the benefit of the heirs of Thomas E. Proctor, Sr. and Emma H. Proctor.  The MPT denies that its mailing address is c/o McGuireWoods LLP, EQT Plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, Pennsylvania, 15222-3142.  After reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and they therefore are denied.

**Jurisdiction**

3.      Admitted in part and denied in part.  The Proctor Trusts admit: (1) that the Proctor Trusts were formed under the laws of Massachusetts and (2) that none of the Proctor Trusts' beneficiaries are Pennsylvania citizens.  By way of further response, none of the Proctor Trusts' trustees – the entities whose citizenship is in fact relevant to the existence of federal jurisdiction – are Pennsylvania citizens, but instead are citizens of Maine, Massachusetts, Rhode Island and North Carolina. After reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations of this Paragraph and they therefore are denied.  The remaining allegations in Paragraph 3 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts admit that this Court has jurisdiction over the parties' dispute, but denies any remaining allegations contained in Paragraph 3.

**Applicable Law**

4.      The Proctor Trusts admit only that the dispute set forth in the Complaint involves title to real property located in Sullivan County, Pennsylvania. The remaining allegations in Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the remaining allegations in Paragraph 4.

**The Premises**

5.      Admitted upon information and belief.

6.      The allegations in Paragraph 6 are characterizations of written documents, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the documents, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the documents.

7.      The allegations in Paragraph 7 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 7. Furthermore, the allegations in Paragraph 7 are characterizations of written documents, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the documents, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the documents.  The Proctor Trusts specifically deny that the Game Commission acquired the Proctor Subsurface Estate in the property at issue.

8.      After reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and they therefore are denied.

**JA95**

## The Titles

9.     The allegations in Paragraph 9 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 9. Furthermore, the allegations in Paragraph 9 are characterizations of written documents, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the documents, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the documents.  The Proctor Trusts specifically deny that the Game Commission acquired the Proctor Subsurface Estate in the property at issue.

10.     The allegations in Paragraph 10 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 10.  The Proctor Trusts specifically deny that the Game Commission acquired the Proctor Subsurface Estate in the property at issue.

11.     The allegations in Paragraph 11 and each of its subparts are legal conclusions, to which no response is required.  To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 11.  Furthermore, the allegations in Paragraph 11 are characterizations of written documents, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the documents, or that are rendered

**JA96**

inaccurate, incomplete or misleading based on a reading of the complete text of the documents.

12.    The allegations in Paragraph 12 and each of its subparts are legal conclusions to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 12.  Furthermore, the allegations in Paragraph 12 are characterizations of written documents, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the documents, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the documents.  By way of further response, The Proctor Trusts specifically deny that the tax deeds resulting from the 1908 tax sales conveyed any right, title or interest in or to the Proctor Subsurface Estate in the property at issue.

13.    The allegations in Paragraph 13 are legal conclusions, to which no response is required. To the extent that a response is necessary, the Proctor Trusts deny the allegations in Paragraph 13.  Furthermore, the allegations in Paragraph 13 are characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document. By way of further response, The Proctor Trusts specifically deny that the

**JA97**

referenced deed conveyed any right, title or interest in or to the Proctor Subsurface Estate in the property at issue.

14.     The allegations in Paragraph 14 are characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document.

15.     The allegations in Paragraph 15 are characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document.

16.     The allegations in Paragraph 16 are characterizations of a written document, the terms of which speak for themselves, and the Proctor Trusts deny as stated any allegations that are inconsistent with the text of the document, or that are rendered inaccurate, incomplete or misleading based on a reading of the complete text of the document.  By way of further answer, the PHT owns and holds title to 93.75% of the Proctor Subsurface Estate in the property at issue, while the MPT owns and holds title to 6.25% of the Proctor Subsurface Estate.

17.    The allegations in Paragraph 17 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 17. By way of further answer, upon information and belief, the appropriate taxing authorities were notified and/or aware of the Proctor Subsurface Estate, but no basis to assess the severed Proctor Subsurface Estate existed as no oil, gas or minerals were being produced under or in the neighboring vicinity of the property at issue.  Responding further, upon information and belief, Thomas E. Proctor, Sr. and Emma H. Proctor and/or their assigns, agents or heirs, notified the appropriate authorities of and registered their property in accordance with all applicable laws and paid any and all assessed taxes.

18.    The allegations in Paragraph 18 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 18.

19.    The allegations in Paragraph 19 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 19.

20.    The allegations in Paragraph 20 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 are legal conclusions, to which no response is required. To the extent a response is required, after reasonable investigation, the Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and they therefore are denied.  By way of further response, The Proctor Trusts specifically deny that the tax deeds resulting from the 1908 tax sales conveyed any right, title or interest in or to the Proctor Subsurface Estate in the property at issue.

22.     The Proctor Trusts deny the allegations of Paragraph 22.

23.     The allegations in Paragraph 23 are legal conclusions, to which no response is required. To the extent a response is required, the Proctor Trusts deny the allegations in Paragraph 23.

24.     Admitted in part and denied in part.  The Proctor Trusts admit that they have and are asserting the right, title and interest in the Proctor Subsurface Estate.  It is admitted that the Proctor Subsurface Estate in the properties at issue, in whole or in part, has been leased to third parties.  The Proctor Trusts expressly deny any implication that they do not hold the right, title and interest in the Proctor Subsurface Estate in the properties at issue.  The Proctor Trusts further deny any implication that they do not have the ability or right to lease, convey, or otherwise alienate the Proctor Subsurface Estate in the properties at issue.

**JA100**

## AFFIRMATIVE DEFENSES

Without conceding any applicable burden of proof, the Proctor Trusts allege the following as defenses to the claims in the Second Amended Complaint:

25.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

26.     The Game Commission fails to establish prima facie title to the Proctor Subsurface Estate in the properties at issue.

27.     The claims asserted in the Second Amended Complaint are barred by the doctrine of estoppel.

28.     The claims asserted in the Second Amended Complaint are barred by the doctrine of laches.

29.     The claims asserted in the Second Amended Complaint are barred by the doctrine of waiver.

30.     The MPT and the PHT hold 100% title, right and interest in and to the oil, gas and minerals, known as the Proctor Subsurface Estate, in the properties at issue.

31.     The alleged 1908 tax sales and 1908 treasurer's deeds did not divest the heirs of Thomas E. and Emma H. Proctor of their ownership of and title to the Proctor Subsurface Estate in the properties at issue.

32. The alleged 1908 tax sales and 1908 treasurer's deeds did not include the Proctor Subsurface Estate, as the Proctor Subsurface Estate was severed from the surface estate approximately 14 years before the purported tax sales and treasurer's deeds, and as such, only the surface estate was assessed and sold.

33. Sullivan County only assessed and taxed oil, gas and mineral rights between approximately 1956 and 1987 and, even then, the County only assessed such rights in a severed estate and where production or a valid basis to assess existed. Therefore, there was no assessment of the severed Proctor Subsurface Estate and it could not have been included in the tax assessment of the property owned by CPLC.

34. The alleged 1908 tax sales and 1908 treasurer's deeds did not pass title to the Proctor Subsurface Estate, because the taxing authorities were duly notified and/or aware of the severance of these rights from the surface estate and because the County lacked a sufficient basis to value, assess, or tax the coal, oil, gas, petroleum, and mineral rights; therefore, the Proctor Subsurface Estate was not and could not be assessed for taxes and, instead, only the surface estate was assessed and sold. Upon information and belief, such notice may not be of record, because the County failed to keep records of unseated-land registration and/or the records have been lost or destroyed due to flood, fire, natural disaster, theft, or negligence.

35.     The tax sales at issue were void and without effect, because the purchaser at the purported tax sale, C.H. McCauley, Jr., as an agent of the defaulting party, the Central Pennsylvania Lumber Company (CPLC), had a legal and moral obligation to pay the taxes for CPLC, and therefore, his purchase of the property at the June 8, 1908 tax sales served as payment of the deficient taxes and/or a redemption.

36.     The 1908 tax deeds were never delivered to C.H. McCauley, Jr., and he failed to record the 1908 tax deeds or register any interest with the tax assessor. As such, C.H. McCauley, Jr. and his successors and assigns are estopped from claiming that the 1908 tax sales and tax deeds conveyed any right, title or interest in or to the Proctor Subsurface Estate in the property at issue.

37.     C.H. McCauley, Jr. failed to ensure that the 1908 tax deeds were recognized in open court; therefore, the purported deeds are void or invalid and no changes in ownership to Proctor Subsurface Estate were effectuated by the 1908 tax sales and 1908 treasurer's deeds.

38.     Following the 1908 tax sale and tax deeds, the taxes for the property continued to be assessed in the name of CPLC, demonstrating that the tax sales and deeds had no impact on the ownership of the property.

39.     CPLC made tax payments on taxes associated with the subject property in December 1980 and 1909, and these payments operated as a

**JA103**

redemption and/or otherwise demonstrate CPLC's continued ownership of the property and that the tax sales and deeds had no impact on the title to the property or the Proctor Subsurface Estate.

40.    CPLC, McCauley, Jr., and anyone claiming to be a successor to their interests are estopped from acquiring a greater interest in the property as a result of CPLC's own failure to register its ownership of the surface estate to the taxing authorities and failure to pay the assessed taxes.

41.    CPLC, McCauley, Jr., and anyone claiming to be a successor to their interests are estopped from acquiring a greater interest in the property by later claiming CPLC fraudulently registered more than its actual ownership of the surface estate to the taxing authorities and failure to pay the assessed taxes.

42.    CPLC, and all of its successors in interest, are estopped from claiming that the assessment of taxes included the Proctor Subsurface Estate, as CPLC had not met its obligation to register its ownership of the surface property, which *de facto* did not include the Proctor Subsurface Estate.

43.    Because CPLC and McCauley, Jr. as its agent were not bona fide purchasers at the time of the tax sale and subsequent quit-claim deed, they and any parties who claim through them, could not acquire a greater interest in the property as a result of CPLC's own failure to pay the assessed taxes.

44.     Those contemporaneous parties familiar with the regular procedures
of unseated land assessments and taxation, including C.H. McCauley, Jr. and other
agents and affiliates of CPLC, made no claims of "title washing" against the
Proctor heirs and assigns or other owners of excepted-and-reserved coal, oil, gas,
petroleum, and mineral estates, so laches bars the Game Commission from
attempting to apply this "title-washing" theory *post facto* more than 106 years
later.

45.     The alleged 1908 tax sales and 1908 treasurer's deeds were void,
invalid, and passed no title to the Proctor Subsurface Estate, because the notice
provisions of the Act of 1815, on their face or as applied, violate the due process
rights of the heirs of Thomas E. Proctor and Emma H. Proctor as guaranteed by the
Fifth and Fourteenth Amendments to the United States Constitution.

46.     The alleged 1908 tax sales and 1908 treasurer's deeds are void,
invalid, and passed no title to the Proctor Subsurface Estate, because the
description of the property assessed and sold was legally deficient, in that it failed
to disclose and properly describe the nature and extent of the property involved.

WHEREFORE, the MPT requests that the Court enter judgment in its favor
and against the Game Commission, enter an order declaring that the heirs of
Thomas E. Proctor are the rightful owners of the Proctor Subsurface Estate, and

award the MPT attorneys' fees and costs, and any other relief that it deems just and appropriate.

## **COUNTERCLAIM**

1.      A dispute exists between the Proctor Trusts and the Game Commission as to the ownership of the oil, gas and mineral rights associated with certain properties located in Sullivan and Bradford Counties.

2.      In 1893, Thomas E. Proctor obtained title in fee to certain property comprised, *inter alia*, of all or portions of thirty-nine warrants in the Warrantee names of Robert Irwin, Francis Nichols, John Brady, Thomas Hamilton, Charles Irwin, William Meylert #2, Henry Epple, Richard Parker, Thomas Rees, Charles Williamson, William Steadman, Elizabeth Colt, Nathanial Colt, George Gearhart, Mary Gearhart, Henry Lebo, James Tower, Jonathan Walker, Daniel Smith, Samuel Young, Thomas Grant, Andrew Epple, Anthony Gearhart, William Gearhart, Josiah Haines, Alexander Hunter, Levi James, Michael Meylert #1, Ann F. Meylert, Michael Meylert #2, Willaim Meyert #1, Michael Meylert #3, Michael Meylert #4, Isaac Kirk, Thomas Woodside, Mary Giffin, John James, Ezekial Yarnall, and Archibald Evans and comprising the tract of lands subsequently referred to by the Game Commission as State Game Lands No. 13.  *See* Sullivan County Deed Book 21, page 375.

3.      Similarly, between 1883 and 1893, Thomas E. Proctor and Jonathan A. Hill obtained title in fee to land comprised, *inter alia*, of all or portions of twenty-three warrants located in Bradford and Sullivan Counties in the Warrantee names of John Betz, James Betz, Samuel Fritz, John Fritz, Jonathan Seeley, James Hardy, Robert Hiltzheimer, Jacob Hiltzheimer, James Collins, George Eckhart, William M. Biddle, George Glenworth, Richard (Robert) Erwin, Richard Fullerton, John Baker, Henry Cooley, Aaron Fritz, Samuel Bryson, Robert Comely, Richard Fullerton, John Patton, James Shoemaker, and Thomas Hiltzheimer, and subsequently referred to by the Game Commission as State Game Lands No. 12. *See* Bradford County Deed Book 152, page 291, Deed Book 169, page 326, Deed Book 197, page 270; Sullivan County Deed Book 14, page 230, Deed Book 14, page 233, Deed Book 14, page 658, Deed Book 17, page 463.

4.      Similarly, in 1887, Thomas E. Proctor and Jonathan A. Hill obtained title in fee to land comprised of three warrants located in Bradford County in the Warrantee names of Peter Seeley, Jonathan Hampton and the west part of George Castator, and subsequently referred to by the Game Commission as State Game Lands No. 36.  *See* Bradford County Deed Book 172, page 99.

5.      State Game Lands Nos. 12, 13 and 36 are collectively referred to as the "Disputed Property."

### A. The Proctor Reservation

6.     Thomas E. Proctor, along with several other entrepreneurs, formed the United States Leather Company in the late 1800s.  They acquired large tracts of hemlock forest in north-central Pennsylvania and elsewhere, hemlock bark being a key ingredient used in tanning leather.  Proctor and the other entrepreneurs and their heirs (the so-called "tanning families") conveyed the surface of the acquired land in Pennsylvania to subsidiaries of the United States Leather Company, including Elk Tanning Company and Union Tanning Company, and reserved the oil, gas and minerals to themselves and their heirs.

7.     In 1894, prior to his death, Thomas E. Proctor and his wife conveyed the surface estate of State Game Lands No. 13 to the Union Tanning Company, excepting and reserving unto themselves, their heirs and assigns (the "Proctor Heirs") "all the minerals, coal, oil, gas or petroleum found on or under the surface of the land." October 30, 1894 Deed, recorded in Sullivan County Deed Book 24 at page 53 (see page 57 for the Proctor Reservation).

8.     Likewise, in 1894, Thomas E. Proctor, his wife, and Jonathan A. Hill conveyed the surface estate of State Game Lands Nos. 12 and 36 to the Union Tanning Company, excepting and reserving unto themselves, their heirs and assigns "all the minerals, coal, oil, gas or petroleum found now or hereafter, on or under the surface of any or all of the lands described." October 27, 1894 Deed,

recorded in Bradford County Deed Book 205, at page 436 (see page 448 for the Proctor Reservation).

9. The minerals, coal, oil, gas or petroleum on or under the lands of the Disputed Property are referred to as the "Proctor Subsurface Estate." The reservations of the Proctor Subsurface Estate for the Bradford County and Sullivan County Properties are collectively referred to as the "Proctor Reservation."

10. Following a tax sale of portions of State Game Lands No. 13 in 1896 the tax sale purchaser, O.B. Grant, who was an officer of Union Tanning Company, conveyed the Proctor Subsurface Estate of those portions of State Game Lands No. 13 to the Proctor Heirs and conveyed the surface estate of the property to Union Tanning Company.

11. Upon information and belief, the 1896 tax sale was due to the purported failure to pay the pre-severance taxes assessed against the entire property.

12. Because O.B. Grant was an officer of Union Tanning and he conveyed any purported interests in the property back to the Proctor Heirs prior to the two-year redemption period, the tax sale purchase operated as a redemption, returning all interests as they were prior to the tax sale.

13. By 1897, the Proctor Heirs had title to the Proctor Subsurface Estate of the Disputed Property.

**JA109**

14.     The County taxing authorities were given notice of the Proctor Reservation and the Proctor Heirs' ownership of the Proctor Subsurface Estate.

15.     In 1903, Union Tanning Company conveyed its ownership interest in the surface estates of the Disputed Property to the Central Pennsylvania Lumber Company ("CPLC"), a subsidiary of Central Leather Company that was later merged into U.S. Leather. May 25, 1903 Deed, recorded in Sullivan County Deed Book 29 at page 613; May 25, 1903 Deed, recorded in Bradford County Deed Book 251 at page 520.

16.     The 1903 Deeds excepted and reserved the bark rights of the Disputed Property in favor of Union Tanning Company. *See* Sullivan County Deed Book 29, at page 620; Bradford County Deed Book 251 at page 523.

17.     Upon information and belief, pursuant to the Act of March 28, 1806, CPLC properly reported its interest *in the surface estate only* of the Disputed Property to the taxing authorities.

18.     Following the 1903 Deed, the taxes of the surface estate of the Disputed Property were assessed in the name of CPLC, demonstrating that CPLC informed the taxing authorities of its ownership of the surface estate of the Disputed Property and that the registration and assessments were rightly done.

19.     Taxes were *never* assessed against the Proctor Subsurface Estate of the Disputed Property.

**JA110**

20.     Between 1896 and 1908, there was no production of oil or gas from the Disputed Property.

21.     Upon information and belief, there was no production or development of oil or gas from lands neighboring the Disputed Property.

22.     Prior to 1956, Sullivan County did not assess or tax oil, gas or other mineral rights.

23.     Upon information and belief, Bradford County did not assess or tax oil, gas or other mineral rights between 1906 and 1910.

**B.     The Tax Sales**

24.     In 1906, the various warrants of the Disputed Property were assessed in the name of CPLC.

25.     Upon information and belief, in 1907, CPLC was reorganizing and, in an effort to keep certain properties off its books, it purposefully did not pay taxes on those certain properties and allowed them to go to tax sales.[1]

26.     In an apparent effort to maintain ownership of these properties, CPLC had its agent Calvin H. McCauley, Jr. ("McCauley") purchase the properties at the tax sales.

---

[1] Several of the warrants constituting the Disputed Property did not go through any tax sale, including warrants in the name of the following warrantees: Jonathan Seeley, Robert Hiltzheimer, James Collins, George Eckhart, George Glenworth, and John Baker.

**JA111**

27.     On June 8, 1908, CPLC's interests in the Disputed Property were purportedly purchased by McCauley at tax sales in Sullivan County and Bradford County.

28.     During the relevant time period, McCauley served as an attorney and a real estate agent for CPLC.

29.     Upon information and belief, McCauley never previously and explicitly renounced his agency prior to any tax sale purchase of CPLC's interests.

30.     McCauley never gave notice of his purported interests or recorded any tax deeds associated with the Disputed Property.

31.     In addition, despite the requirement of acknowledgement of tax deeds in open court in order to effect any conveyance, all but two of the tax sale deeds for State Game Lands Nos. 12 and 36 were not acknowledged in open court, even though many other tax sales deeds of different properties were acknowledged in court.

32.     Upon information and belief, the tax sale deeds for State Game Lands No. 13 were not acknowledged in open court.

33.     In December 1908, after the purported tax sales, CPLC paid the taxes on the surface estate of the Disputed Property.

34.     Similarly, in 1909, CPLC paid the taxes on the surface estate of the Disputed Property.

35.     Upon information and belief, the tax payments made by CPLC exceeded the amount necessary to redeem the Disputed Property.

36.     After the two-year period for redemption ran, McCauley re-conveyed the very same interests back to CPLC via quit-claim deeds in 1910.

37.     Between the tax sales in June 1908 and the 1910 quit-claim deeds, the Sullivan County and Bradford County taxing authorities continued to assess and return the Disputed Property in the name of CPLC.

**C.      Post-Tax Sale Transactions Demonstrate that CPLC and the Game Commission Did Not Believe that the Tax Sales "Washed" the Proctor Subsurface Estate**

38.     CPLC did not believe that it acquired the Proctor Subsurface Estate as a result of the 1908 tax sales and/or the 1910 quit-claim deeds from McCauley.  In fact, in 1930 CPLC went on to sell the surface estate of State Game Lands No. 12 expressly subject to the Proctor Reservation.

39.     Specifically, the deed from CPLC to the Game Commission conveying the surface estate of State Game Lands No. 12 was expressly subject to the Proctor Reservation:

> conveyance is made under and subject to the exception and reservation of all minerals, coal, oil, gas or petroleum found now or hereafter on or under the surface of any or all of the lands above described…as fully as the said minerals and rights were excepted and reserved in the three following deeds, viz: (a) Deed from Thomas E. Proctor and others to the Union Tanning Company, dated October 27, A.D. 1894, recorded in said Bradford County in Deed Book 205, page 436 and in said Sullivan County in Deed Book 24, page 59.

September 23, 1930 Deed recorded at Bradford County Deed Book 376, page 99.

40.     Similarly, the deed from CPLC to the Game Commission conveying State Game Lands No. 36 in 1930 excepted and reserved "unto the proper owners thereof all oil, gas, coal and other minerals in, under and upon the two tracts herein described as excepted and reserved in prior deeds of record…."  December 17, 1930 Deed recorded at Bradford County Deed Book 377, at page 211.

41.     In addition, the evidence reveals that CPLC did not believe that the 1908 tax sale had any effect on either the Proctor Reservation or Union Tanning's 1903 reservation of bark rights.

42.     In 1921, Elk Tanning, Union Tanning's successor through merger, deeded over the previously reserved bark rights for State Game Lands No. 13 so that CPLC could convey the entire surface estate to the Game Commission.  *See* January 26, 1921 Deed recorded at Sullivan County Deed Book 41, page 28.

43.     In 1924, CPLC conveyed its interests in State Game Land No. 13 to the Game Commission.  *See* December 31, 1924 Deed recorded at Sullivan County Deed Book 42, at page 538.

44.     Likewise, in 1924, Elk Tanning, conveyed the previously reserved bark rights for State Game Lands Nos. 12 and 36 to CPLC.  *See* December 30, 1924 Deed recorded at Bradford County Deed Book 365, page 165.

45.     In 1930, CPLC conveyed its interests in State Game Land Nos. 12 and 36 to the Game Commission.  *See* September 23, 1930 Deed recorded at Bradford County Deed Book 376, page 99 (State Game Land No. 12); December 17, 1930 Deed recorded at Bradford County Deed Book 377, at page 208 (State Game Land No. 36).

46.     In addition, the Game Commission has openly acknowledged that it does not own the oil, gas and mineral rights associated with the bulk of the Pennsylvania State Game Lands due to the severance of the subsurface rights.

47.     Upon information and belief, the Game Commission has only recently asserted any claim to title washing of the Proctor Subsurface Estate.

48.     In fact, the Game Commission recently entered into a lease to permit the drilling of wells in State Game Lands Nos. 12 and 36, prompting this counterclaim.

## COUNT I – QUIET TITLE

49.     The Proctor Trusts hereby incorporate by reference the allegations set forth in the foregoing paragraphs as though fully set forth herein.

50.     The Proctor Trusts seek to quiet title to the oil and gas rights of the Disputed Property to remove any cloud on their title to the Disputed Property that has been created by the Game Commission's actions.

51.    The Proctor Trusts hold title to the natural gas and oil contained in the Disputed Property as set forth above.

52.    There is a cloud on the Proctor Trusts' title to the oil and gas rights in the Disputed Property due to the actions taken by the Game Commission.

53.    The Game Commission has made claims to ownership or has attempted to convey interests in the oil and gas associated with the Disputed Property.

54.    The 1908 tax sales and tax deeds did not affect the title of the Proctor Heirs (including the Trusts) because the alleged outstanding taxes on the subject properties were paid by an agent of CPLC, which effectuates a legal "redemption" confirming ownership of the Proctor Subsurface Estate by the Proctor Heirs.

55.    The 1908 tax sales and tax deeds did not affect the title of the Proctor Heirs (including the Trusts) because the Proctor Heirs did not receive notice and an opportunity to be heard.

56.    The 1908 tax sales and tax deeds did not affect the title of the Proctor Heirs (including the Trusts) because the Tax Deeds were the product of fraud.

57.    The 1908 tax sales and tax deeds did not affect the title of the Proctor Heirs (including the Trusts) because the County lacked a sufficient basis to value, assess, or tax the natural gas or oil rights, since upon information and belief, at no time prior to the purported tax sales commenced was natural gas or oil produced

from the subject property or from properties in the nearby area nor was natural gas or oil known to exist in commercially significant quantities in the subject property or in properties in the nearby area.

58.     The 1908 tax sales and tax deeds did not affect the title of the Proctor Heirs (including the Trusts) because the interest, right and title of the heirs of Thomas E. Proctor was severed approximately fourteen years prior to the 1908 Tax Sales and reported to the assessor.

59.     Neither CPLC nor McCauley believed the transactions "washed" the Subsurface Estate and vested the separate Subsurface Estate of its shareholders in CPLC.   In fact, the quit claim deeds to CPLC do not reference having acquired any additional subsurface interests and the deed conveying the surface of the Bradford County Property to the Game Commission is made expressly subject to the Proctor Reservation.

60.     CPLC and its successors in title, including the Game Commission, are bound by the prior reservations in the chain of title, and are estopped from claiming title to the Proctor Subsurface Estate.

61.     CPLC and McCauley, Jr. are estopped from acquiring a greater interest in the property as a result of CPLC's own failure to register its ownership of the surface estate to the taxing authorities and failure to pay the assessed taxes.

62.     CPLC, and all of its successors in interest, are estopped from claiming that the assessment of taxes included the Proctor Subsurface Estate as CPLC had the obligation to register its ownership of the property less the Proctor Subsurface Estate.

63.     Because CPLC and McCauley, as its agent, were not bona fide purchasers at the time of the tax sale and subsequent quit-claim deed, they and any parties who claim through them, could not acquire a greater interest in the property as a result of CPLC's own failure to pay the assessed taxes.

64.     The alleged 1908 tax sales and 1908 treasurer's deeds were void, invalid, and passed no title to the Proctor Subsurface Estate, because the notice provisions of the Act of 1815, on their face or as applied, violate the due process rights of the Proctor Heirs as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

65.     The Proctor Trusts seek a determination that title to the oil and gas rights of the Disputed Property is vested in them.

**COUNT II - CONVERSION**

66.     The Proctor Trusts incorporate by reference the foregoing paragraphs as though fully set forth herein.

**JA118**

67.     Upon information and belief, the Game Commission has intentionally deprived the Proctor Trusts of their right to the natural gas underlying the Disputed Property through the production and sale of gas from the Disputed Property.

68.     The Game Commission has permitted or enabled the production of natural gas from the Disputed Property without the Proctor Trusts' consent and without lawful justification.

69.     The Proctor Trusts have suffered damages as a result of the unauthorized production and sale of natural gas from the Disputed Property in an amount to be determined at trial.

## COUNT III - UNJUST ENRICHMENT

70.     The Proctor Trusts incorporate by reference the foregoing paragraphs as though fully set forth herein.

71.     The Game Commission have been unjustly enriched as a result of benefits appropriated from the Proctor Trusts.

72.     The Game Commission has received benefits or compensation in connection with the extraction of natural gas from the Disputed Property.

73.     The Game Commission has appreciated and been enriched by such benefits that rightfully belong to the Proctor Trusts.

74.     The retention of such benefits by the Game Commission is inequitable and unjust and has substantially damaged the Proctor Trusts.

## PRAYER FOR RELIEF

WHEREFORE, the Proctor Trusts demand judgment in their favor and against the Game Commission as follows:

(i)     That the Court enter an order declaring that the Proctor Trusts are the rightful owners of all the natural gas, coal, oil, petroleum, marble and all minerals of every kind and character in, upon, or under the Disputed Property;

(ii)    That the Court enter judgment against the Game Commission and in favor of the Proctor Trusts for all compensatory and punitive damages incurred as a result of the Game Commission's actions, including, without limitation, the total amount of all benefits which have accrued to the Game Commission and/or which inured in any manner to the Game Commission as a result of the production of gas from the Disputed Property;

(iii)   That the Court enter judgment against the Game Commission for prejudgment interest and costs; and

(iv)    That the Court grant such other relief as it shall deem just and equitable under the circumstances.

The Proctor Trusts demand a jury trial on all claims so triable.


Dated:  December 1, 2016                    Respectfully submitted,


                                            /s/ Laura A. Lange
                                            Laura A. Lange
                                            Pa. Id. No. 310733
                                            Paul K. Stockman (pro hac vice)
                                            Pa. Id. No. 66951
                                            MCGUIREWOODS LLP
                                            625 Liberty Avenue, 23rd Floor

Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com

*Attorneys for Defendants/Counter-
Claimants Charles Rice Kendall and
Ann P. Hochberg, Trustees of the
Thomas E. Proctor Heirs Trust and
Bank of America, N.A. and John J.
Slocum, Jr., Trustees of the Margaret
O.F. Proctor Trust*

Thomas Waffenschmidt, Esq.
THE WAFFENSCHMIDT LAW FIRM, LLC
811 S. Market Street
South Williamsport, PA 17702
tom@waffenlaw.com

*Attorney for Defendants/Counter-
Claimants Charles Rice Kendall and
Ann P. Hochberg, Trustees of the
Thomas E. Proctor Heirs Trust*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the

foregoing document has been served upon the following via the Court's CM/ECF

system, this 1st day of December 2016:

Bradley C. Bechtel, Esq.
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
Harrisburg, PA 17110
brbechtel@pa.gov


/s/ *Laura A. Lange*

**JA122**

Case: 22-1587     Document: 14-1     Page: 75     Date Filed: 06/07/2022

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : CIVIL ACTION – LAW |
| | : |
| | : CASE NO. 1:12-CV-1567 |
| Plaintiff, | : |
| | : JUDGE: Christopher C. Conner |
| v. | : |
| | : MAGISTRATE JUDGE: |
| | : Hon. Susan E. Schwab |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | : |
| | : [ELECTRONICALLY FILED] |
| Defendants. | : |
| | : |

**REPLY OF THE COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, TO DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT WITH COUNTERCLAIM**

NOW, this 13th day of October, 2017, comes the Plaintiff,

Commonwealth of Pennsylvania, Pennsylvania Game Commission (PGC),

by and through its counsel, and makes this REPLY against the above

Defendants and makes the following allegations in support thereof:

**THE PARTIES, JURISDICTION, APPLICABLE LAW, THE**

**PREMISES, AND THE TITLES**

1 – 24   The allegations and averments of Plaintiff's Second Amended

Complaint, Paragraphs 1 through 24 and the Exhibits thereto, are hereby

1

**JA123**

incorporated herein by reference as if fully set forth.  To the extent the

Defendants aver or reply in a way that alleges new facts, legal conclusions

or legal theories, all such averments and allegations, and the implications

thereof, are denied.  To the extent such facts, legal conclusions or theories

apply to something other than the property identified in the Second

Amended Complaint, after reasonable investigation, the PGC is unable to

form an opinion as to the truth or falsity of the averments and so the same

are denied.

WHEREFORE, the PGC respectfully requests this Honorable Court to
issue and order:

1.   Pursuant to Pa.R.C.P. 1061(b)(3) against the Defendants to admit

the invalidity of any right, title or interest Defendant, or any of them claim in

the oil and gas estate in, on and under the Premises consisting of

approximately 2,481 acres, more or less, in Davidson and Laporte

Townships, Sullivan County, Pennsylvania, most particularly admit the

invalidity of any interest, right or claim pursuant to the Thomas E. Proctor

Heirs Trust under Declaration of Trust dated October 28, 1980, which is

recorded in Sullivan County in Book 1106, at page 879; or, in the

alternative,

2.   Pursuant to Pa.R.C.P. 1061(b)(4) to grant possession of the oil

**JA124**

Case: 22-1587   Document: 14-1   Page: 77   Date Filed: 06/07/2022

and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less, in Davidson and Laporte Townships, Sullivan County, Pennsylvania, which was sold at tax sales June 1, 1908, and for which various deeds were dated December 1, 1908, as set forth in the Second Amended Complaint, to the PGC; and,

    3.    Such other relief as this Honorable Court may find just and reasonable.

## AFFIRMATIVE DEFENSES

The PGC hereby incorporates by reference the responses to Paragraphs 1 through 24 as if fully set forth.

    25.    Paragraph 25 sets-forth a legal conclusion to which no response is required. To the extent a response is required to the allegation that the Second Amended Complaint fails to state a claim, the allegation is denied.

    26.    Paragraph 26 sets-forth a legal conclusion to which no response is required. To the extent a response is required to the allegation that the PGC fails to establish a prima facie title to the Proctor Subsurface Estate in the properties at issue, the allegation is denied.

    27.    Paragraph 27 sets-forth a legal conclusion to which no response is required. To the extent a response is required to the allegation that the claims asserted in the Second Amended Complaint are barred by the

3

**JA125**

Case: 22-1587   Document: 14-1   Page: 78   Date Filed: 06/07/2022

doctrine of estoppel, the allegation is denied.

28.     Paragraph 28 set-forth a legal conclusion to which no response is required. To the extent a response is required to the allegation that the claims asserted in the Second Amended Complaint are barred by the doctrine of laches, the allegation is denied.

29.     Paragraph 29 sets-forth a legal conclusion to which no response is required. To the extent a response is required to the allegation that the claims asserted in the Second Amended Complaint are barred by the doctrine of waiver, the allegation is denied.

30.     Paragraph 30 sets-forth a legal conclusion to which no response is required. To the extent a response is required, the PGC, after reasonable investigation, is unable to form an opinion as to the truth of the allegation because:

a.     The "properties at issue" are not defined as either the properties in the Second Amended Complaint, or the properties in Paragraphs 3, 4 or 5 of Defendants' Counterclaim;

b.     The "Proctor Subsurface Estate" is defined as "the subsurface estate, right and interests reserved by Thomas E. Proctor, Sr. and Emma H. Proctor and also specifically conveyed to Emma H. Proctor and her heirs" (Initial Paragraph 2), or alternatively as that

JA126

Case: 22-1587   Document: 14-1   Page: 79   Date Filed: 06/07/2022

subsurface estate under the "Disputed Property" (Paragraph 9 of Defendants' Counterclaim) and "Disputed Property" is defined as State Game Lands 12, 13 and 36, which is comprised of 92,995.15 acres (Paragraph 5 of Defendants' Counterclaim); and,

      c.     The Defendants' Counterclaim, at best, pleads prima facie title to a subset of the "Disputed Property."

31.     Paragraph 31 sets-forth a legal conclusion to which no response is required. To the extent a response is required, the PGC, after reasonable investigation, is unable to form an opinion as to the truth of the allegation. By way of further answer, to the extent the averment relates to the six (6) unseated warrants claimed by PGC in its Second Amended Complaint, the averment is denied.

32.     Paragraph 32 sets-forth a legal conclusion to which no response is required. To the extent a response is required, the PGC, after reasonable investigation, is unable to form an opinion as to the truth of the allegation. By way of further answer, to the extent the averment relates to the six (6) unseated warrants claimed by PGC in its Second Amended Complaint, the averment is denied.

33.     The PGC avers that there was no separate assessment of the oil, gas, and mineral estates of the six warrants named in the Second Amended

**JA127**

Case: 22-1587   Document: 14-1   Page: 80   Date Filed: 06/07/2022

Complaint. After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of the Defendants' remaining averments, therefore, they are denied.

34.   Paragraph 34 sets-forth a legal conclusion to which no response is required. To the extent a response may be required, the responses to Paragraphs 31-33 hereof are hereby incorporated herein by reference.

35.   Paragraph 35 sets-forth a legal conclusion to which no response is required. To the extent a response may be required, the responses to Paragraphs 31-34 hereof are hereby incorporated herein by reference. It is further denied that Calvin H. McCauley, Jr. was an agent for Defendants' predecessors, or that he had a legal or moral obligation to pay taxes for Defendants' predecessors.

36.   Paragraph 36 sets-forth a legal conclusion to which no response is required. To the extent a response may be required, after reasonable investigation, the PGC denies the statements with regard to the six warrants named in the Second Amended Complaint, as set forth above, and incorporates by reference the responses to Paragraphs 31-35.

37.   Paragraph 37 sets-forth a legal conclusion to which no response is required. To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the

**JA128**

Case: 22-1587     Document: 14-1     Page: 81     Date Filed: 06/07/2022

Defendants' averments in Paragraph 37 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-36 herein as if set-forth fully.

38.     Paragraph 38 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 38 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-37 herein as if set-forth fully.

39.     Paragraph 39 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 38 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-38 herein as if set-forth fully.

40.     Paragraph 40 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 40 and are therefore denied.  To the contrary, pursuant to the principles set forth in <u>Hutchinson v. Kline</u>, 199 Pa.

JA129

Case: 22-1587     Document: 14-1     Page: 82     Date Filed: 06/07/2022

564 (1901); F.H. Rockwell & Co. v. Warren County, 228 Pa. 430 (1910);

Proctor v. Sagamore Big Game Club, 155 F.Supp. 465 (W.D. Pa., 1958);

Herder Spring v. Keller, 143 A.3d 358 (2016); and, Cornwall Mountain

Investments v. Thomas E. Proctor Heirs Trust, et al, 158 A.3d 148

(Pa.Super. 2017), a purchaser of unseated land at a tax sale could, at all

times relevant to this litigation, acquire a title to the whole of an unseated

warrant that was not separately assessed.  By way of further response, the

PGC hereby incorporates by reference the responses to Paragraphs 31-39

herein as if set-forth fully.

    41.    Paragraph 41 sets-forth a legal conclusion to which no response

is required.  To the extent a response may be required, after reasonable

investigation, the PGC is unable to form an opinion as to the truth of the

Defendants' averments in Paragraph 41 and are therefore denied.  By way of

further response, the PGC hereby incorporates by reference the responses to

Paragraphs 31-40 herein as if set-forth fully.

    42.    Paragraph 42 sets-forth a legal conclusion to which no response

is required.  To the extent a response may be required, after reasonable

investigation, the PGC is unable to form an opinion as to the truth of the

Defendants' averments in Paragraph 42 and are therefore denied.  By way of

further response, the PGC hereby incorporates by reference the responses to

Case: 22-1587     Document: 14-1     Page: 83     Date Filed: 06/07/2022

Paragraphs 31-41 herein as if set-forth fully.

43.     Paragraph 43 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 43 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-42 herein as if set-forth fully.

44.     Paragraph 44 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 44 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-38 herein as if set-forth fully.

45.     Paragraph 45 sets-forth a legal conclusion to which no response is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 45 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-44 herein as if set-forth fully.

46.     Paragraph 46 sets-forth a legal conclusion to which no response

JA131

Case: 22-1587   Document: 14-1   Page: 84   Date Filed: 06/07/2022

is required.  To the extent a response may be required, after reasonable investigation, the PGC is unable to form an opinion as to the truth of the Defendants' averments in Paragraph 46 and are therefore denied.  By way of further response, the PGC hereby incorporates by reference the responses to Paragraphs 31-45 herein as if set-forth fully.

WHEREFORE, the PGC respectfully requests this Honorable Court to issue and order:

1.   Pursuant to Pa.R.C.P. 1061(b)(3) against the Defendants to admit the invalidity of any right, title or interest Defendant, or any of them claim in the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, most particularly admit the invalidity of any interest, right or claim pursuant to the Thomas E. Proctor Heirs Trust under Declaration of Trust dated October 28, 1980, which is recorded in Sullivan County in Book 1106, at page 879; or, in the alternative,

2.   Pursuant to Pa.R.C.P. 1061(b)(4) to grant possession of the oil and gas estate in, on and under the Premises consisting of approximately 2,481 acres, more or less in Davidson and Laporte Townships, Sullivan County, Pennsylvania, which was sold at tax sales June 1, 1908, and for

JA132

which various deeds were dated December 1, 1908, as set forth in the Second Amended Complaint, to the PGC; and,

    3.    Such other relief as this Honorable Court may find just and reasonable.

## COUNTERCLAIM

    1.    Admitted in part, denied in the remainder.  It is admitted that there is a dispute between the parties with respect to the six warrants named in Plaintiff's Second Amended Complaint.  After reasonable investigation, the PGC is unable to form an opinion as to the nature and extent of the dispute in regard to some unseated warrants located in Sullivan and Bradford Counties, so the same is denied and strict proof thereof is demanded.

    2.    Denied.  Sullivan County Deed Book 21, Page 376 (not 375), speaks for itself and includes all or parts of the warrants named in Defendants' Counterclaim Paragraph 2, but also includes various exceptions and reservations and a larger number of other warrants not named.  The quality of the title (which is a legal conclusion to which no response is required) depends upon the chain of title prior to that time. It is specifically denied that the Named Warrants comprise State Game Lands No. 13.  To the contrary, some of the Named Warrants are part of State Game Lands 13.

    3.    Denied.  Bradford County Deed Book 152, page 291 is a deed

Case: 22-1587    Document: 14-1    Page: 85    Date Filed: 06/07/2022

**JA133**

Case: 22-1587   Document: 14-1   Page: 86   Date Filed: 06/07/2022

to Thomas E. Proctor and Jonathan A. Hill; Bradford County Deed Book 169, page 326 is a deed to Thomas E. Proctor and Jonathan A. Hill; Bradford County Deed Book 197, page 270 is a deed to Thomas E. Proctor and Jonathan A. Hill; Sullivan County Deed Book 14, page 230 is a deed to Thomas E. Proctor and Jonathan A. Hill; Sullivan County Deed Book 14, page 233 is a deed to Jonathan A. Hill (Proctor is not mentioned);  Sullivan County Deed Book 14, page 658 is a deed to Thomas E. Proctor and J.A. Hill trading and doing business as Proctor and Hill; and, Sullivan County Deed Book 17, page 468 (not 463) is a deed to Thomas E. Proctor.  The deeds speak for themselves.  They include all or parts of the warrants named in Defendants' Counterclaim Paragraph 3, but also include various exceptions and reservations and a larger number of other warrants or tracts not named.  The quality of the title (which is a legal conclusion to which no response is required) depends upon the chain of title prior to that time.  Because most of these deeds are not solely to Thomas E. Proctor, or not to Thomas E. Proctor at all, the quality of title also depends upon the chain of title after the date of the respective deed.  After reasonable investigation, the PGC has not completed title searches for all these properties and Defendants have not supplied any title searches or pled any title except for the bare assertion of title by deeds which, on their face, do not give Thomas E.

12

**JA134**

Case: 22-1587   Document: 14-1   Page: 87   Date Filed: 06/07/2022

Proctor fee title.  It is specifically denied that the Named Warrants comprise

State Game Lands No. 12.  To the contrary, some of the Named Warrants

are part of State Game Lands 12.

4.     Denied.  Bradford County Deed Book 172, page 99 is a deed to

Thomas E. Proctor and Jonathan A. Hill.  The deed speaks for itself.  It

includes all or parts of the warrants named in Defendants' Counterclaim

Paragraph 4.  The quality of the title (whether in fee, fee simple, or a lesser

estate) depends upon the chain of title.  It is specifically denied that the

Named Warrants comprise State Game Lands No. 36.

5.     Denied.  State Game Lands 13 is comprised of approximately

49,528.70 acres and State Game Lands 36 is comprised of approximately

18,987.29 acres.  Neither the various Named Warrants nor the various

Referenced Warrants contain a total acreage of this magnitude.

**A. The Proctor Reservation**

6.     Denied.  After reasonable investigation, the PGC is unable to

form an opinion as to the truth or falsity of Defendants' Counterclaim

Paragraph 6 and the same is denied and strict proof demanded.

7.     Denied.  To the contrary, State Game Land 13 is much larger

than the deeds referenced by the Defendants in the Defendants'

Counterclaim.  Further, the deed referenced in Defendants' Paragraph 6 of

**JA135**

Case: 22-1587    Document: 14-1    Page: 88    Date Filed: 06/07/2022

the Counterclaim speaks for itself.

8. Denied. State Game Lands 12 is comprised of approximately 24,479 acres, and State Game Lands 36 is comprised of approximately 18,987.29 acres, for a total of 43,466.29 acres. Bradford County Deed Book 205, page 436 is a deed from Thomas E. Proctor and wife, and Jonathan A. Hill, and wife, to Union Tanning Company. The deed speaks for itself, but contains approximately 26,548.7 acres. By its very terms, any reserved interest would have been owned by both Thomas E. Proctor and wife and Jonathan A. Hill and wife. After reasonable investigation, the PGC is unable to form an opinion as to whether all of the warrants named as being owned by Defendants are included within Deed Book 205, page 436, nor whether all the warrants are on Game Lands, so the same is denied and strict proof demanded.

9. Denied. To the contrary, much of the minerals, coal, oil, gas or petroleum under the "Disputed Property," has nothing at all to do with the Defendants. By way of further reply, there is no definition of the "Bradford County and Sullivan County Properties," the reservations which allegedly constitute the "Proctor Reservation." After reasonable investigation, the PGC denies that either of these terms make any sense whatsoever, and strict proof is demanded.

14

Case: 22-1587     Document: 14-1     Page: 89     Date Filed: 06/07/2022

10.     Denied.  After reasonable investigation, the PGC is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of Defendants' Counterclaim.  By way of further reply, the averments contained in Paragraph 11 of Plaintiff's Second Amended Complaint are hereby incorporated by reference as if set-forth fully herein.

11.     Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 11, so the same is denied.

12.     Denied.  Paragraph 12 of Defendants' Counterclaim is a conclusion of law, to which no response is required, so the same is denied and strict proof demanded.  By way of further reply, if this reconveyance by O.B. Grant operated to return all interests as they were prior to the tax sale (which is denied), that includes the interests of Jonathan A Hill.

13.     Denied.  Paragraph 13 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants pleading does not support this conclusion of law by deed reference or other legal theory, so the same is denied and strict proof demanded.

14.     Denied.  It is averred to the contrary upon information and belief, that the tax assessment record is devoid of any reference to the

JA137

Case: 22-1587     Document: 14-1     Page: 90     Date Filed: 06/07/2022

Proctor Reservation or the Proctor Subsurface Estate.

15.     Denied.  To the contrary, the deeds speak for themselves.  After reasonable investigation, the PGC is currently without information sufficient to form an opinion whether or not all interests of Union Tanning Company in the "Disputed Property" was conveyed as stated, so the same is denied and strict proof demanded.

16.     Denied.  The instruments speak for themselves.  After reasonable investigation, the PGC is currently without information sufficient to form an opinion whether or not all interests of Union Tanning Company in the "Disputed Property" were reserved as stated, so the same is denied and strict proof demanded.

17.     Denied.  After reasonable investigation, the PGC is without knowledge or information sufficient to form an opinion as to the truth or falsity of Paragraph 17, so the same is denied.

18.     Denied.  To the contrary, at best, a portion of the "Disputed Property" was assessed in the name of CPLC.  The remainder of Paragraph 18 of Defendants' Counterclaim is a legal conclusion to which no response is required.

19.     Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim

**JA138**

Case: 22-1587     Document: 14-1     Page: 91     Date Filed: 06/07/2022

Paragraph 19, so the same is denied.  To the extent an answer is deemed necessary the PGC avers that the subsurface interests in the Disputed Property were most assuredly assessed somewhere, at sometime.

20.   Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 20, so the same is denied and strict proof demanded.

21.   Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 21, so the same is denied and strict proof demanded.

22.   Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 22, so the same is denied.

23.   Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 23, so the same is denied.

**B.   The Tax Sales**

24.   Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 24, so the same is denied.

25.   Denied.  After reasonable investigation, the PGC is unable to

JA139

form an opinion as to the truth or falsity of Defendants' Counterclaim

Paragraph 25, so the same is denied.

26.     Denied.  After reasonable investigation, the PGC is unable to

form an opinion as to the truth or falsity of Defendants' Counterclaim

Paragraph 26, so the same is denied.  To the contrary, the averment does not

appear to be supported by the course of conduct of the parties or the

Defendants' allegations in its Counterclaim.

27.     Denied.  After reasonable investigation, the PGC is unable to

form an opinion as to the truth or falsity of Defendants' Counterclaim

Paragraph 27, so the same is denied.

28.     Denied.  After reasonable investigation, the PGC is unaware

of any evidence Calvin H. McCauley, Jr., was an attorney and real estate

agent for CPLC in 1908.

29.     Denied.  The response to Defendants' Counterclaim Paragraph

28 is hereby incorporated herein by reference as if fully set forth.

30.     Denied.  With respect to the six unseated warrants named in

the Second Amended Complaint, the PGC provided the recording references

on Exhibit B to the Second Amended Complaint.  After reasonable

investigation, the PGC is without knowledge or information sufficient to

form an opinion as to the truth or falsity of whether McCauley "gave

Case: 22-1587     Document: 14-1     Page: 92     Date Filed: 06/07/2022

JA140

Case: 22-1587   Document: 14-1   Page: 93   Date Filed: 06/07/2022

notice," or "recorded any [other] tax deeds associated with the Disputed Property."

31.    Denied.  After reasonable investigation, the PGC is without knowledge or information sufficient to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 31.  To the contrary, the PGC incorporates it response to Defendants' Counterclaim Paragraph 30 as if fully set forth.

32.    Denied.  The PGC avers to the contrary the tax sales to O.B. Grant for the six unseated warrants named in the Second Amended Complaint and the tax sales to McCauley for the same unseated warrants were all acknowledged in open court as set forth on Exhibit B to the Second Amended Complaint.  As no other tax sales are pled, the PGC is without knowledge or information sufficient to form an opinion as to the truth or falsity, so the same is denied and strict proof demanded.

33.    Denied.  After reasonable investigation, the PGC is unable to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 33.

34.    Denied.  The response to Defendants' Counterclaim, Paragraph 33, is hereby incorporated herein by reference as if fully set forth.

35.    Denied.  After reasonable investigation, the PGC is currently

**JA141**

without sufficient knowledge or information to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 35.

36.    Denied.  To the contrary, in 1910, McCauley and his wife conveyed their interests as acquired by tax sale to CPLC via quitclaim deeds for the six warrants named in the Second Amended Complaint.  After reasonable investigation, the PGC is currently without sufficient information to form a belief as to how many other warrants in the Disputed Property may have gone through tax sale at the same time with the same purchaser and with the same result, so the same is denied.

37.    Denied.  After reasonable investigation, the PGC is without sufficient information to form a belief as to how all warrants in Bradford and Sullivan County with regard to the casually defined "Disputed Property," were assessed during this time period, so the same is denied.  By way of further answer, the tax assessment records for the six unseated warrants showed the sale to McCauley during the time period 1908 to 1910.

**C.    Post-Tax Sale Transactions Demonstrate that CPLC and the Game Commission Did Not Believe that the Tax Sales "Washed" the Proctor Subsurface Estate**

38.    Denied.  With respect to the first sentence of Defendants' Counterclaim Paragraph 38, the averment is specifically denied.  To the

Case: 22-1587     Document: 14-1     Page: 95     Date Filed: 06/07/2022

contrary, CPLC was aware of the law relating to tax sales of unseated land. With respect to the second sentence of Defendants' Counterclaim Paragraph 38, the averment is specifically denied. To the contrary, there were numerous conveyances from CPLC to PGC over time and the instruments speak for themselves.

39.     Denied. To the contrary, the deed referenced in Defendants' Counterclaim Paragraph 39 does not convey the "surface estate," of State Game Lands 12. By way of further answer, the deed at Bradford County Deed Book 376, page 99 speaks for itself and also contains the language:

> [B]ut all the right, title and interest of the Central Pennsylvania Lumber Company, its successors and assigns, in possession, remainder or reversion in the said minerals and rights above mentioned [including the sentence quoted in Defendants' Counterclaim Paragraph 39], are hereby granted and conveyed to the Commonwealth of Pennsylvania.

40.     Denied. The deed in Bradford County Deed Book 377, page 208 (which includes the "at 211" reference of Defendants in this Paragraph of Defendants' Counterclaim) speaks for itself and also contains the language (immediately following the ellipses):

> [B]ut hereby conveying all interest of the above named grantor [CPLC], its successors and assigns in possession, remainder or reversion in said oil, gas, coal or other minerals, in, under and upon the two tracts herein described, the intention of the grantor being not to make any additional reservations.

By way of further answer, the deed referenced in Defendants'

**JA143**

Counterclaim Paragraph 40 does not convey, "State Game Lands 36," but merely a portion thereof.

41.    Denied. To the contrary, there is no evidence that shows or will show that CPLC did not believe that the unspecified 1908 tax sale of unspecified property had any effect on the Proctor reservation or the unspecified Union Tanning 1903 reservation of bark rights. The response to Paragraph 16 of Defendants' Counterclaim is hereby incorporated herein by reference as if fully set forth.

42.    Denied. After reasonable investigation, the PGC is without knowledge or information sufficient to form an opinion as to the truth or falsity of the conclusions stated in Paragraph 42 of Defendants' Counterclaim, so the same are denied. To the contrary, it is averred that the protective actions of CPLC, Union Tanning and Elk Tanning are not relevant to the question of whether the entire estate passed through tax sale on specified warrants by operation of law.

43.    Denied. To the contrary, all of CPLC's interests in State Game Land No. 13 were not conveyed in 1924 by the referenced deed.

44.    Denied. After reasonable investigation, the PGC is without sufficient information to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 42, so the same is denied. By way of

Case: 22-1587    Document: 14-1    Page: 96    Date Filed: 06/07/2022

**JA144**

Case: 22-1587      Document: 14-1      Page: 97      Date Filed: 06/07/2022

further reply, the PGC hereby incorporates by reference its responses to

Paragraphs 16, 41, and 42 of this response to Defendants' Counterclaim.

45.     Denied.  To the contrary, CPLC did not convey all of its

interests in State Game Lands Nos. 12 and 36 by the two referenced deeds.

By way of further response, the responses to Paragraphs 39 and 40 of this

Response to Defendants' Counterclaim are hereby incorporated herein by

reference as if fully set forth.

46.     Denied.  The PGC does not own all oil, gas and mineral rights

on Pennsylvania State Game Lands.  However, the PGC specifically denies

the characterization as the "bulk" of State Game Lands, as well as the

implication of Defendants' characterization that any such recognition means

that the PGC does not own the oil, gas and mineral rights it has claimed in

this case.

47.     Denied.  To the contrary, the PGC has asserted that rights of

Thomas E. Proctor were conveyed at tax sales of unseated properties and

that some of them would be owned by the PGC.

48.     Denied.  The PGC entered into a Restricted Surface Use

Cooperative Agreement for Exercise of Production Rights for Oil and Gas,

dated February 2, 2013, with Chief Exploration and Development, LLC.

This Agreement was for a tract on State Game Lands 36 designated as 36A-

**JA145**

Case: 22-1587      Document: 14-1      Page: 98      Date Filed: 06/07/2022

13. It included 5,870 acres of the total of 18,987.29 acres of State Game Lands No. 36. This Agreement provided for payment of a bonus on "net acres" after title work revealed the owner of the oil and gas. The PGC entered into a Restricted Surface Use Cooperative Agreement for Exercise of Production Rights for Oil and Gas dated October 1, 2013, with Chief Exploration and Development, LLC. This Agreement was for a tract on State Game Lands 12 designated as 12A-13. It included 19,133 acres of the 24,479.20 acres of State Game Land No. 12. This Agreement also provided for payment of a bonus on "net acres" after title work revealed the owner of the oil and gas. Any payments not identified as due and owing to PGC are paid into escrow.

### COUNT 1 – QUIET TITLE

49.     The PGC hereby incorporates by reference the responses set forth in the foregoing paragraphs as though fully set forth herein.

50.     Denied. After reasonable investigation, the PGC is without information sufficient to form an opinion as to the truth or falsity of Defendants' Counterclaim Paragraph 50, so the same is denied.

51.     Denied. It is specifically denied that Defendants hold title to the natural gas and oil contained in the "Disputed Property." To the contrary, the Defendants have neither plead a prima facie case of ownership

24

**JA146**

Case: 22-1587   Document: 14-1   Page: 99   Date Filed: 06/07/2022

nor demonstrated title to, "[t]he natural gas and oil contained in the Disputed Property."

52.     Denied.  It is specifically denied that the PGC took actions to cloud any title actually owned by Defendants.  To the contrary, and upon information and belief, it was the actions (and inaction) of the Defendants' predecessors that placed a cloud, if any, upon title in the "Disputed Property," actually owned by the Defendants.

53.     Admitted in part; denied in the remainder.  It is admitted that the PGC has made claims to ownership of oil and gas under portions of State Game Lands 12, 13 and 36, to the extent such lands are "associated with the Disputed Property," and entered into agreements as set forth in Paragraph 48, above.  It is specifically denied that the PGC claimed ownership of interests actually owned by Defendants or attempted to convey Defendants' interests in the oil and gas associated with the "Disputed Property."  By way of further response, the reponses to Paragraphs 47 and 48 are hereby incorporated herein by reference as if fully set forth.

54.     Denied.  Defendants' Counterclaim Paragraph 54 is a conclusion of law to which no response is required, so the same is denied.  To the extent a response is required, the PGC specifically denies that the unspecified 1908 tax sales and tax deeds had no effect on the title of the

JA147

Case: 22-1587   Document: 14-1   Page: 100   Date Filed: 06/07/2022

Proctor Heirs (including the Trusts) to unspecified property of the "Proctor Subsurface Estate." To the contrary, the numerous deeds and tax sales had an effect on the title held by the Defendants predecessors to the "Proctor Subsurface Estate."

55.     Denied.  Defendants' Counterclaim Paragraph 55 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, it is specifically denied that the unspecified 1908 tax sales and tax deeds did not affect the title to the unspecified interests of the Proctor Heirs (including the Trusts).  To the contrary, upon information and belief, the Defendants' predecessors were noticed of the regular, biennial tax sales and declined the opportunity to be heard.

56.     Denied.  Defendants' Counterclaim Paragraph 56 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, it is specifically denied that the unspecified 1908 tax sales and tax deeds did not affect the title to the unspecified interests of the Proctor Heirs (including the Trusts).  To the contrary, upon information and belief, the unspecified "Tax Deeds" were not the product of fraud.

57.     Denied.  Paragraph 57 of Defendants' Counterclaim states a

Case: 22-1587   Document: 14-1   Page: 101   Date Filed: 06/07/2022

conclusion of law to which no response is required, so the same is denied.
To the extent a response is required, it is specifically denied that the
unspecified 1908 tax sales and tax deeds had no effect on the title of the
Defendants' predecessors (including the Trusts). By way of further
response, the PGC specifically denies that there was not sufficient basis to
value, assess, or tax the natural gas or oil rights, and avers there could be no
assessment of those reserved rights when they were not reported to the tax
assessor. In addition, the PGC avers that there was oil and gas production in
the Commonwealth, in areas sufficiently similar to those on State Game
Lands 12, 13, and 36, to give rise to a belief in Defendants' predecessors that
there was something to reserve; whether there was production from the
"Disputed Property" or unspecified, "nearby areas" is irrelevant in the face
of production in similar areas of the Commonwealth. Finally, the PGC avers
there was production in areas of the Commonwealth similarly situated as
State Game Lands 12, 13 and 36 that, even if this is relevant, it is incorrect,
and there was sufficient basis to value interests actually reported.

58.    Denied. Paragraph 57 of Defendants' Counterclaim states a
conclusion of law to which no response is required, so the same is denied.
To the extent a response is required, it is specifically denied that the
unspecified 1908 tax sales and tax deeds had no effect on the title of the

JA149

Defendants' predecessors (including the Trusts).  By way of further response, the PGC avers that fourteen years without insisting on a separate assessment or creating a record that a separate assessment was requested or demanded proves that no such reporting of the separate estate was made.

59.     Denied.  The PGC is without sufficient information to form a belief as to the truth of the sentences contained in Defendants' Counterclaim Paragraph 59, so the same are specifically denied.  To the contrary, upon information and belief, CPLC believed it was transferring all interests it owned, including subsurface interests, to the PGC.

60.     Denied.  Defendants' Counterclaim Paragraph 60 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, the PGC avers that the Defendants are bound by the tax sales in their chains of title, the inaction of Defendants' predecessors, and the law that existed at the time of those sales.

61.     Denied.  Defendants' Counterclaim Paragraph 61 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, the law does not support the theory put-forth by Defendants that a tax sale of unseated land does not pass all interests not separately assessed; the Defendants' averments are, therefore, specifically denied.

Case: 22-1587   Document: 14-1   Page: 102   Date Filed: 06/07/2022

Case: 22-1587     Document: 14-1     Page: 103     Date Filed: 06/07/2022

62.     Denied.  Defendants' Counterclaim Paragraph 62 is a conclusion of law to which no response is required, so the same is denied.

63.     Denied.  Defendants' Counterclaim Paragraph 63 is a conclusion of law to which no response is required, so the same is denied.

64.     Denied.  Defendants' Counterclaim paragraph 64 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, the PGC avers that the Act of 1815, on its face or as applied, did afford due process to the Defendants predecessors, as discussed and set forth in *Herder Spring v. Keller*, 143 A.3d 358 (Pa. 2016).

65.     Admitted.

## COUNT II – CONVERSION

66.     The PGC hereby incorporates by reference the responses set forth in the foregoing paragraphs as though fully set forth herein.

67.     Denied.  It is specifically denied that the PGC deprived the Defendants of anything; to the contrary, it has sought a legal determination of the title to six unseated warrants as set forth and described in the Second Amended Complaint.

68.     Denied.  The PGC has permitted the use of its property and lawfully allowed the production of natural gas from State Game Lands 12

JA151

Case: 22-1587   Document: 14-1   Page: 104   Date Filed: 06/07/2022

and 36 in accordance with PGC title.  The response to Paragraph 48 is hereby incorporated herein by reference as if fully set forth.

69.     Denied.  It is specifically denied that the Defendants have suffered any damages as a result of the unauthorized production and sale of natural gas from the Disputed Property in any amount.  To the contrary, the Defendants have suffered no damages as alleged.

**COUNT III – UNJUST ENRICHMENT**

70.     The PGC hereby incorporates by reference the responses set forth in the foregoing paragraphs as though fully set forth herein.

71.     Denied.  Defendants' Counterclaim paragraph 71 is a conclusion of law to which no response is required, so the same is denied.  To the extent a response is required, the PGC hereby incorporates the responses to Defendants' Counterclaim Paragraph 48 as if fully set forth.

72.     Denied.  Defendants' Counterclaim paragraph 72 is a conclusion of law to which no response is required, so the same is denied.  To the extent a response is required, the PGC hereby incorporates the responses to Defendants' Counterclaim Paragraph 48 as if fully set forth.

73.     Denied.  Defendants' Counterclaim paragraph 73 is a conclusion of law to which no response is required, so the same is denied.  To the extent a response is required, the PGC hereby incorporates the

**JA152**

responses to Defendants' Counterclaim Paragraph 48 as if fully set forth.

74. Denied. Defendants' Counterclaim paragraph 74 is a conclusion of law to which no response is required, so the same is denied. To the extent a response is required, the PGC hereby incorporates the responses to Defendants' Counterclaim Paragraph 48 as if fully set forth.

WHEREFORE, the PGC respectfully requests this Honorable Court to grant judgment in its favor and against the Defendants as follows:

a. That the Court enter an order finding no conversion or unjust enrichment;

b. That the Court enter judgment that the PGC has title with respect to the oil, gas, and minerals where the law and facts show as vested in the PGC; and,

c. That the Court grant such other relief as it shall deem just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

75. The PGC hereby incorporates by reference the responses set forth in the foregoing paragraphs as though fully set forth herein.

76. The Defendants' claims are moot or otherwise not justiciable.

77. The Defendants' claims are unripe or otherwise not justiciable.

78. The Defendants fail to establish prima facie title.

Case: 22-1587    Document: 14-1    Page: 105    Date Filed: 06/07/2022

Case: 22-1587     Document: 14-1     Page: 106     Date Filed: 06/07/2022

79. ˙   The Defendants' claims fail to state a claim upon which relief can be granted.

80.     The Defendants' claims are barred by the doctrine of estoppel.

81.     The Defendants' claims are barred by the doctrine of laches.

82.     The Defendants' claims are barred by the statute of limitations.

83.     The Defendants' claims are barred by the statute of frauds.

84.     The Defendants' claims are barred by the doctrine of waiver.

85.     The Defendants' claims are barred as a collateral attack.

86.     The Defendants' claims are barred by the doctrine of *res judicata*.

WHEREFORE, the PGC respectfully requests this Honorable Court to grant judgment in its favor and against the Defendants as follows:

a.     That the Court enter an order finding no conversion or unjust enrichment;

b.     That the Court enter judgment that the PGC has title with respect to the oil, gas, and minerals where the law and facts show as vested in the PGC; and,

c.     That the Court grant such other relief as it shall deem just and equitable under the circumstances.

JA154

Case: 22-1587   Document: 14-1   Page: 107   Date Filed: 06/07/2022

## COUNTERCLAIM

## COUNT I  TORTIOUS INTERFERENCE

87.     The PGC hereby incorporates by reference the responses set forth in the foregoing paragraphs as though fully set forth herein.

88.     Chief Operating, LLC (Chief), and the PGC entered into Restricted Surface Use Cooperative Agreements for the Exercise of Production Rights for Oil and Gas on portions of State Game Lands 12 and 36 as referenced herein in Paragraph 48.

89.     Upon information and belief, Chief has secured all consents and agreements necessary, including from Defendants and Defendants' predecessors, to explore for and produce oil and gas from State Game Lands 12 and 36 in the areas covered by the Agreements referenced in Paragraph 48.

90.     The PGC forewent bidding its interests in State Game Lands 12 and 36 because Chief was in a unique business position to complete and pay for all necessary title work and surveys, and conduct orderly development of oil and gas.

91.     At the time of the filing of the Second Amended Complaint and the Defendants' Counterclaims, areas of dispute on State Game Lands 12 and 36 had not been identified and no discussion between the PGC and

JA155

Case: 22-1587    Document: 14-1    Page: 108    Date Filed: 06/07/2022

Defendants occurred with regard to whether or not an actual dispute exists.

92.     Upon information and belief, Defendants are aware of Chief's agreements with PGC as referenced in Paragraph 48 and of Chief's orderly title and survey work in connection with said agreements.

93.     The chains of title for the properties comprising State Game Lands 12 or 36 are in different counties; the tax sale dates are different; the specific facts are different; and, the deeds and reservations present in the chains of title are different from the chains of title for the properties comprising State Game Lands 13.

94.     Upon information and belief, the Defendants are aware, or should be aware, of these differences between these properties.

95.     Defendants' Counterclaims purposefully and improperly conflate the circumstances relating to all the properties to which they could possibly claim an interest.

96.     The Counterclaims purposefully and improperly conflate the scope of the property included in the "Proctor Subsurface Estate," as the whole of State Game Lands 12, 13 and 36, and totally ignore the complex web of agreements and consents under which Chief operates.

97.     The Defendants filed their Counterclaims against the PGC intending to harm the PGC by compelling it to expend time and resources to

34

**JA156**

defend against claims with respect to State Game Lands 12 and 36 which have no basis in fact and would not exist had the orderly development and research been completed by Chief.

98.     The PGC has in-fact been compelled to expend time and resources to defend against such claims.

99.     The PGC lost the benefit of its bargain with Chief because of the Defendants' intentional and improper assertion of a claim to all of State Game Lands 12 and 36, and the orderly determination of issues at less cost to the PGC which was bargained-for by PGC in the Agreements with Chief.

100.    There is no justification or privilege that is, "[s]anctioned by the rules of the game which society has adopted," (*Empire Trucking v. Reading Anthracite Coal*, 71 A.3d 923 at 934 (Pa. Super. 2013)) excusing Defendants' Counterclaim with respect to the whole of State Game Lands 12 and 36, when the actual claim remains unidentified and unripe.

101.    The amount of time and resources spent to defend these claims is in excess of $75,000.00.

WHEREFORE, the PGC respectfully requests this Honorable Court to grant judgment in its favor and against the Defendants as follows:

a.      That the Court enter an order declaring that the Defendants tortiously interfered with the PGC's contractual relationship with a third

Case: 22-1587   Document: 14-1   Page: 109   Date Filed: 06/07/2022

party;

b.   That the Court enter judgment against the Defendants for damages suffered by PGC, prejudgment interest, and costs; and,

c.   That the Court grant such other relief that it shall deem just and equitable under the circumstances.

<div style="margin-left: auto; width: 60%;">

Respectfully submitted,
PENNSYLVANIA GAME COMMISSION

</div>

DATE: October 13, 2017      */s/ Bradley C. Bechtel*
Bradley C. Bechtel, Chief Counsel
PA No. 49681
W. Creigh Martson, Assistant Counsel
PA No. 94759
2001 Elmerton Avenue
Harrisburg, PA  17110-9797
FAX:  (717)772-0502
(717)783-6530
brbechtel@pa.gov
wmartson@pa.gov
*Attorneys for Plaintiff*

Date Filed: 06/07/2022   Page: 110   Document: 14-1   Case: 22-1587

JA158

Date Filed: 06/07/2022     Page: 111     Document: 14-1     Case: 22-1587

## CERTIFICATE OF SERVICE

I, Bradley C. Bechtel, Esquire, Chief Counsel of the Pennsylvania

Game Commission, hereby certify the foregoing Reply of the

Commonwealth of Pennsylvania, Pennsylvania Game Commission, to

Defendants' Amended Answer and Affirmative Defenses to the Second

Amended Complaint with Counterclaims was served upon the following via

the Court's CM/ECF system this 13th day of October 2017:

Thomas Waffenschmidt, Esquire
The Waffenschmidt Law Firm, LLC
811 S. Market Street
South Williamsport, PA 17701
tom@waffenlaw.com


Paul K. Stockman, Esquire
Laura A. Lange, Esquire
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222
llange@mcguirewoods.com
pstockman@mcguirewoods.com


/s/ Bradley C. Bechtel
Chief Counsel

37

**JA159**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | CASE NO. 1:12-CV-1567 |
| | Hon. Christopher C. Conner United States District Judge |
| Plaintiff, | |
| v. | Hon. Susan E. Schwab United States Magistrate Judge |
| THOMAS E. PROCTOR HEIRS TRUST and the MARGARET PROCTOR TRUST, | |
| Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PENNSYLVANIA GAME COMMISSION'S COUNTERCLAIM**

Defendants Charles Rice Kendall and Ann P. Hochberg, Trustees of

the Thomas E. Proctor Heirs Trust, and Bank of America, N.A. and John J.

Slocum, Jr., Trustees of the Margaret O.F. Proctor Trust (collectively the "Proctor

Trusts"), for their Answer and Affirmative Defenses to the Counterclaim of

Commonwealth of Pennsylvania, Pennsylvania Game Commission ("Game

Commission"), state the following:

**COUNTERCLAIM**

87.    The Proctor Trusts hereby incorporate by reference their responses

and allegations set forth in their Answer and Counterclaim as though fully set forth

herein.

1

**JA160**

88.     The Proctor Trusts admit only that, upon information and belief, the
Game Commission has entered into an agreement with a third party to permit the
drilling of wells on portions of State Game Lands Nos. 12 and 36.  The Proctor
Trusts deny the remaining allegations of this paragraph.

89.     After reasonable investigation, the Proctor Trusts are without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 89 and they therefore are denied.

90.     After reasonable investigation, the Proctor Trusts are without
knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 90 and they therefore are denied.

91.     Denied.

92.     The Proctor Trusts admit only that, upon information and belief, the
Game Commission entered into an agreement with a third party to permit the
drilling of wells on portions of State Game Lands Nos. 12 and 36.  The Proctor
Trusts deny the remaining allegations of this paragraph.

93.     Denied as stated.  The facts and legal theories underlying the Game
Commission's and Proctor Trusts' claims to title for State Game Lands 12, 13 and
36 are the same or substantially similar.  Responding further, the Proctor trusts
incorporate by reference the allegations set forth in their Counterclaim.

JA161

94.     Denied as stated.  Responding further, the Proctor Trusts incorporate by reference the allegations set forth in their Counterclaim and response to Paragraph 93.

95.     Denied.  Responding further, the Proctor Trusts incorporate by reference the allegations set forth in their Counterclaim and response to Paragraph 93.

96.     Denied as stated.  Responding further, the Proctor Trusts incorporate by reference their response to Paragraph 93.

97.     Denied.

98.     The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and they therefore are denied. Responding further, expending time and resources is the normal course in litigation.

99.     The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 and they therefore are denied. Responding further, expending time and resources is the normal course in litigation.

100.    Denied.  The Proctor Trusts specifically deny any inference that the properties identified in their Counterclaims are unidentified or unripe.  The Proctor Trusts further deny this unclear statement to the extent it purports to assert a legal

3

conclusion. Responding further, statements made in pleadings in judicial proceedings are absolutely privileged from any claim of tortious interference with prospective business relations. *See Ginsburg v. Halpern*, 383 Pa. 178, 118 A.2d 201 (1955).

101. The Proctor Trusts are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and they therefore are denied.

The Proctor Trusts deny the unnumbered "Wherefore" clause and request for relief.

## AFFIRMATIVE DEFENSES

Without conceding any applicable burden of proof, the Proctor Trusts allege the following as defenses to the claims in the Game Commission's Counterclaim to the Proctor Trusts' Counterclaim:

102. The Proctor Trusts' Counterclaim and statements made in therein are privileged under Pennsylvania law and cannot form the basis for any claim of tortious interference with prospective business relations. *See Ginsburg v. Halpern*, 383 Pa. 178, 118 A.2d 201 (1955).

103. Any time, resources or costs incurred by the Game Commission in defending the Proctor Trusts' Counterclaim was a result of the Game

4

Commission's failure to investigate title prior to asserting an adverse claim to the Proctor Trusts' property.

104.    The Game Commission's Counterclaim fails to state a claim upon which relief can be granted.

105.    The Game Commission's Counterclaim is barred because the Proctor Trusts' claims are justified.

106.    The Game Commission's Counterclaim is barred by the doctrine of estoppel.

107.    The Game Commission's Counterclaim is barred by the doctrine of laches.

108.    The Game Commission's Counterclaim is barred by the doctrine of waiver.

109.    The Proctor Trusts reserve the right to amend these affirmative defenses to the extent new defenses arise through discovery.

WHEREFORE, the Proctor Trusts request that the Court dismiss the Game Commission's Counterclaims with prejudice and enter judgment in the Proctor Trusts' favor and against the Game Commission as follows:

(i)    That the Court enter an order declaring that the Proctor Trusts are the rightful owners of all the natural gas, coal, oil, petroleum, marble and all minerals of every kind and character in, upon, or under the Disputed Property;

5

**JA164**

(ii)    That the Court enter judgment against the Game Commission and in favor of the Proctor Trusts for all compensatory and punitive damages incurred as a result of the Game Commission's actions, including, without limitation, the total amount of all benefits which have accrued to the Game Commission and/or which inured in any manner to the Game Commission as a result of the production of gas from the Disputed Property;

(iii)   That the Court enter judgment against the Game Commission for prejudgment interest and costs; and

(iv)    That the Court grant such other relief as it shall deem just and equitable under the circumstances.

The Proctor Trusts demand a jury trial on all claims so triable.


Dated:  November 3, 2016                Respectfully submitted,


                                        /s/ Laura A. Lange
                                        Laura A. Lange
                                        Pa. Id. No. 310733
                                        Paul K. Stockman *(pro hac vice)*
                                        Pa. Id. No. 66951
                                        McGuireWoods LLP
                                        625 Liberty Avenue, 23rd Floor
                                        Pittsburgh, PA 15222
                                        llange@mcguirewoods.com
                                        pstockman@mcguirewoods.com

                                        *Attorneys for Defendants/Counter-Claimants Charles Rice Kendall and Ann P. Hochberg, Trustees of the Thomas E. Proctor Heirs Trust and Bank of America, N.A. and John J. Slocum, Jr., Trustees of the Margaret O.F. Proctor Trust*

6

**JA165**

Thomas Waffenschmidt, Esq.
THE WAFFENSCHMIDT LAW FIRM, LLC
811 S. Market Street
South Williamsport, PA 17702
tom@waffenlaw.com

*Attorney for Defendants/Counter-
Claimants Charles Rice Kendall and
Ann P. Hochberg, Trustees of the
Thomas E. Proctor Heirs Trust*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following via the Court's CM/ECF system, this 3rd day of November 2017:

Bradley C. Bechtel, Esq.
W. Creigh Marston, Esq.
2001 Elmerton Avenue
Harrisburg, PA 17110-9797
Harrisburg, PA 17110
brbechtel@pa.gov
wmartson@pa.gov

/s/ *Laura A. Lange*

7

**JA166**

## CERTIFICATE OF SERVICE

I, Michael J. Scarinci, Deputy Attorney General, do hereby certify that I

have this day served the foregoing Joint Appendix – Volume II of V, via electronic

service, on the following:

Christopher R. Healy, Esq.
Troutman Pepper Hamilton Sanders
Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Laura A. Lange
1670 Sturbridge Drive
Sewickley, PA 15143

Justin G. Weber
Troutman Pepper
100 Market Street
P.O. Box 1181
Suite 200
Harrisburg, PA 17108
Attorneys for Appellees

Four copies were also sent by first class mail to the Clerk of the United States

Court of Appeals for the Third Circuit in Philadelphia, Pennsylvania.

/s/ Michael J. Scarinci
_____

Deputy Attorney General

DATE: June 7, 2022