# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA GAME COMMISSION, | : : : : | |
| Appellant | : : | |
| v. | : | No. 22-1587 |
| THOMAS E. PROCTOR HEIRS TRUST, | : : | |
| Appellee | : : | |

## PENNSYLVANIA DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES' MOTION FOR LEAVE TO FILE AMICUS BRIEF

Pursuant to Federal Rules of Appellate Procedure 29(a)(3) and (a)(5), the Pennsylvania Department of Conservation and Natural Resources ("PADCNR") files this Motion for Leave to file an amicus brief of the same length as the briefs filed by the parties.

1. On October 7, 2025, this Court issued an order for supplemental briefing by the parties to address three questions, including whether Pennsylvania Game Commission is a "citizen" of Pennsylvania, enabling this Court to exercise diversity jurisdiction under 28 U.S.C. § 1332.

2. PADCNR is not a party in this case, but is an executive agency of the Commonwealth of Pennsylvania, and is charged with, among other things, maintaining and managing 124 State Parks and 2.2 million acres of State Forest

lands owned by the Commonwealth pursuant to Pennsylvania's Conservation and Natural Resources Act ("CNRA"), Act of June 28, 1995, P.L. 89, No. 18, 71 P.S. §§ 1340.101-1340.1103.

3. As a Pennsylvania agency responsible for management of certain Commonwealth-owned land, similar in that way to Pennsylvania Game Commission, PADCNR has a significant interest in the question of whether the Third Circuit has jurisdiction over this matter.

4. The PADCNR has a strong interest in having the dispute resolved in state court, as the resolution could have a significant impact to over $1.3 billion in past revenue from oil and gas leases on PADCNR-managed land.

5. Additionally, the resolution of this case could impact an estimated $100 million per year in future revenue from oil and gas leases on PADCNR-managed land.

6. Given the substantial amount of funds at issue, this case could have significant ramifications on future Pennsylvania budgets.

7. The outcome of this case could also impact the ownership, use, management, and control of over a million acres of PADCNR-managed State Forest and State Park lands.

8. A decision in this case which changes the ownership of the subsurface estate from Commonwealth-owned to privately-owned could result in surface

disturbance and degradation of over a million acres of PADCNR-managed State Forest and State Park lands, which would negatively impact the landscape and the public's ability to recreate on these lands.

9. This Court should accept PADCNR's amicus brief because while PADCNR's amicus brief supports Pennsylvania Game Commission's positions, PADCNR offers a unique perspective from the perspective set forth in Pennsylvania Game Commission's supplemental brief.

10. PADCNR's amicus brief is relevant to the disposition of this case because it describes further interests that are relevant to whether Pennsylvania Game Commission is acting as the state or a citizen for the purposes of diversity of parties and federal subject matter jurisdiction.

11. This Court's October 7, 2025 supplemental briefing order limits the parties' brief length to five page, single-spaced submissions due October 21, 2025.

12. Amicus briefs are typically limited to half the length of the parties' briefs without leave of the Court. Fed. R. App. P. 29(a)(5)

13. Given the relatively short page limit for the parties' supplemental briefs, PADCNR respectfully requests this Court to allow PADCNR's amicus brief to be five pages long, the same length as the parties' supplemental briefs, as a two-and-a -half-page brief would not be a sufficient length to provide meaningful input.

14. PADCNR is filing its amicus brief on October 21, 2025, as an attachment to this Motion for Leave, so accepting this amicus brief will not cause any delay in the proceedings.

15. PADCNR has conferred with counsel for both parties to determine each parties' respective positions on the relief requested in this Motion for Leave.

16. Counsel for the Pennsylvania Game Commission has indicated it does not object to this Motion for Leave and counsel for Thomas E. Proctor Heirs Trust has not indicated a position on this Motion for Leave.

Wherefore, PADCNR respectfully requests this Court to grant its request for leave to file an amicus brief and for leave its amicus brief to be the same length as the parties' briefs.

Respectfully submitted,

By: *s/ Curtis Sullivan*
**CURTIS SULLIVAN**
Attorney ID 307610
Chief Counsel
Department of Conservation and Natural Resources
400 Market Street, 7th Floor
Harrisburg, PA 17105
Tel: (717) 783-4543
Fax: (717) 705-2830
Email: curtsulliv@pa.gov

Dated: October 21, 2025