Troutman Pepper Locke LLP
3000 Two Logan Square, Eighteenth and Arch Streets
Philadelphia, PA 19103



troutman.com

**Christopher R. Healy**
Direct: 215.981.4644
christopher.healy@troutman.com

March 5, 2026

**VIA CM/ECF**

Patricia S. Dodszuweit
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** ***Commonwealth of Pennsylvania, Pennsylvania Game Commission v. Thomas E. Proctor Heirs Trust*, No. 22-1587**

Dear Ms. Dodszuweit:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellee Thomas E. Proctor Heirs Trust submits *Galette v. New Jersey Transit Corp.*, 607 U.S. __, No. 24-1021, 2026 WL 598450 (Mar. 4, 2026), as supplemental authority.

In *Galette*, the Supreme Court unanimously held that the New Jersey Transit Corporation (NJ Transit) is not an arm of the State. The Court reached this conclusion because, among other reasons, NJ Transit possesses "all the hallmarks of separate legal personhood, such as the power to sue and be sued, make contracts, and hold property in its own name," and because New Jersey "is not formally liable for any of NJ Transit's debts or liabilities." *Id.* at *11.



VIA CM/ECF

**Patricia S. Dodszuweit**
March 5, 2026
Page 2

---

The Court rejected arguments by NJ Transit and 23 States as *amici* (including Pennsylvania) that an agency is an arm of a State if it carries out core governmental functions such as operating a police force or exercising eminent domain power. *Id.* at *12. Rather, the analysis focuses "on whether the State has chosen to serve those public functions through its own apparatus or through that of a legally separate entity." *Id.* The Court also discounted the importance of a State's control over an entity, such as through a Governor's appointment and removal power. *Id.* at *9, *11.

*Galette* is directly relevant here and confirms the Trust's position that the Pennsylvania Game Commission (PGC) is not an arm of the Commonwealth. Like NJ Transit, the PGC possesses the power to sue and be sued, make contracts, and hold and acquire property. In addition, nothing in the Game and Wildlife Code, or elsewhere in Pennsylvania law, suggests that the Commonwealth would be liable for the PGC's debts or liabilities. *Galette* also dismantles the PGC's argument that its exercise of certain sovereign functions renders it the Commonwealth's alter ego. As the Court explained, an agency is not an arm of the State if it is a "legally separate entity" (meaning it has the power to sue and be sued, make contracts, and hold property) regardless of "whether the entity serves public functions." *Id.* at *12.

Respectfully submitted,

/s/ *Christopher R. Healy*
Christopher R. Healy

CC: All counsel of record (via CM/ECF)

## Certifications

1. <u>Bar Membership</u>

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. <u>Certificate of Compliance with Rule 28(j)</u>

This letter complies with Federal Rules of Appellate Procedure 28(j) and 32(a)(5) and 32(a)(6) because it contains 349 words and has been prepared in 14-point Century Schoolbook font.

3. <u>Certificate of Service</u>

I hereby certify that, on March 5, 2026, a true and correct copy of this document was served on counsel of record through the Court's CM/ECF system.

Dated: March 5, 2026                    /s/ *Christopher R. Healy*
                                        Christopher R. Healy